SLIP OPINION

Cite as 2017 Ark. 203

# SUPREME COURT OF ARKANSAS
**No.** CR-17-42

| | |
|---|---|
| JOSHUA ANTHONY BEYARD<br>APPELLANT | **Opinion Delivered** JUNE 1, 2017 |
| V. | PRO SE APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT [NO. 64CR-14-19] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | APPEAL DISMISSED. |

**JOSEPHINE LINKER HART, Associate Justice**

In 2015, appellant Joshua Anthony Beyard was found guilty by a jury of murder in the first degree. The trial court accepted the jury's recommended sentence, and Beyard was sentenced to 480 months' imprisonment. No appeal was taken. On June 27, 2016, Beyard filed in the trial court a pro se motion for a "nunc pro tunc order correcting and/or modifying the sentence." The trial court denied the motion, and Beyard brings this appeal.

Beyard argued in his motion that he was entitled to have his sentenced modified because the presumptive sentence for first-degree murder pursuant to Arkansas Code Annotated section 16-90-804(3)(c)(1) (Repl. 2006 & Supp. 2007) was 360 months' imprisonment. He also contended that he was entitled to a modification of his sentence on the ground that the trial court failed to issue written reasons for its departure from the presumptive sentence. Beyard raises the same arguments on appeal and also asserts that the trial court erred by not acting on his motion seeking an evidentiary hearing, an order that he be transported to the trial court for a hearing, and appointment of counsel.

We dismiss the appeal because Beyard's motion to correct or modify his sentence was not timely filed.[1]  Beyard did not assert that his sentence was outside the statutory range for first-degree murder or that the sentence was otherwise illegal on its face.  If a sentence is within the limits set by statute, it is legal.  *Thompson v. State*, 2016 Ark. 380, at 4 (per curiam), *reh'g denied* (Dec. 8, 2016).  Beyard's claim was that his sentence was imposed in an illegal manner; accordingly, it was a request for relief cognizable under Arkansas Rule of Criminal Procedure 37.1 (2016).

A request for modification or reduction of sentence based on the assertion that a sentence was imposed in an illegal manner must be raised in a petition timely filed in accordance with Rule 37.2(c)(b).  Ark. R. Crim. P. 37.2(b) ("All grounds for postconviction relief from a sentence imposed by a circuit court, including claims that a sentence . . . was illegally imposed, must be raised in a petition under this rule."); *see also Winnett v. State*, 2015 Ark. 134, at 4, 458 S.W.3d 730, 732 (per curiam); *Richie v. State*, 2009 Ark. 602, at 6, 357 S.W.3d 909, 913 (per curiam).

Pursuant to Rule 37.2(c)(i), to be considered timely filed, any claim that a sentence was illegally imposed must be filed in the trial court within ninety days of the date of entry of the judgment if the petitioner was found guilty by a jury or the court and elected not to appeal from the judgment.  *See Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (per curiam) (Rule 37 superseded the time limits imposed in Arkansas Code Annotated section

---

[1] Beyard's motion for an evidentiary hearing and other relief was moot because the motion to correct or modify the sentence was not timely filed, and the trial court could not grant the relief sought.

16–90–111(a)(b)(1) (Repl. 2016) for correction or reduction of a sentence imposed in an illegal manner.). Regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment seeking to correct a sentence imposed in an illegal manner is governed by the time provisions of the Rule. *See Green v. State*, 2016 Ark. 216, at 3, 492 S.W.3d 75, 77 (per curiam).

The judgment was entered in Beyard's case on February 2, 2015. Beyard filed his motion to correct or modify the sentence imposed in that judgment on June 27, 2016, which was approximately seventeen months after the judgment had been entered. The time requirements under the Rule are mandatory, and when a request for relief that is cognizable under the Rule is not timely filed, a trial court shall not grant postconviction relief. *McClinton v. State*, 2016 Ark. 461, at 2, 506 S.W.3d 227, 228 (per curiam).

Appeal dismissed.

*Joshua A. Beyard*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.