

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–997

| | | |
|---|---|---|
| ALBERT D. BELL | | **Opinion Delivered** August 3, 2017 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE ARKANSAS |
| V. | | COUNTY CIRCUIT COURT, |
| | | NORTHERN DISTRICT, AND MOTION |
| STATE OF ARKANSAS | | FOR WRIT OF MANDAMUS TO FILE A |
| | | BELATED REPLY BRIEF |
| | APPELLEE | [NO. 01SCR-93-4] |
| | | |
| | | HONORABLE DAVID G. HENRY, |
| | | JUDGE |
| | | |
| | | <u>AFFIRMED; MOTION MOOT</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Albert D. Bell brings this appeal from the denial of his pro se petition under Arkansas Code Annotated section 16-90-111 (Repl. 2016). Bell did not claim in the petition that the two sentences of life imprisonment that were imposed on him in 1994 were outside the statutory range for the offenses of which he was convicted. Rather, he argued that the sentences were facially illegal under the Eighth Amendment because the State did not prove in the sentencing proceeding in his case that he was incorrigible and irreparably corrupt. He asserted further that the "evolving standards of a modern society" no longer tolerated a life sentence for a juvenile, and thus, his sentences were cruel and unusual and violated the Eighth Amendment. He also argued that (1) numerous witnesses testified at the sentencing phase of his trial as to his character, "transient immaturity," and other mitigating factors, and the jury was unable to decide on a sentence, which left the trial

SLIP OPINION

court, rather than the jury as trier-of-fact, to impose the harshest sentence possible; (2) the shooter in the case received only one life sentence while he received two consecutive life sentences; (3) the shooter was eligible for relief under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which permitted retroactive application of *Miller v. Alabama*, 567 U.S 460 (2012),[1] to juvenile cases, but he was not; (4) the evidence was not sufficient to prove that he was guilty of the offenses. Bell reiterates the issues raised in the petition in his brief in this appeal and has also filed a motion seeking leave to file a belated reply brief in the appeal. A trial court's decision to deny relief under section 16-90-111 will not be overturned unless it is clearly erroneous. The trial court's decision in this matter were not clearly erroneous. Accordingly, we affirm the order, and the petition to file a belated reply brief is moot.

## I. *Prior Proceedings*

In 1997, this court affirmed Bell's convictions for two counts of first-degree murder and his sentence to two consecutive life sentences.[1] *State v. Bell*, 329 Ark. 422, 948 S.W.2d

---

[1] *Miller* prohibited a sentencing scheme that mandated life without the possibility of parole for juvenile offenders in homicide cases. Because Bell was convicted of first-degree murder, a life sentence was not mandatory, and the mitigating factor of his youth was presented during the sentencing phase of his trial. *Miller* did not expressly hold that a life sentence for a juvenile offender was unconstitutional but that the mitigating factor of youth must be considered.

Prior to this decision, Bell had appealed from the trial court's denial of his motion seeking transfer to juvenile court, and this court affirmed the trial court's order. *Bell v. State*, 317 Ark. 289, 877 S.W.2d 579 (1994). Bell was tried and subsequently appealed his convictions and sentence. This court reversed and remanded in part for a new suppression hearing. *Bell v. State*, 324 Ark. 258, 920 S.W.2d 821 (1996). On remand, the trial court suppressed Bell's statements, and the State appealed. This court reversed the trial court's order of suppression, held that a new trial was not warranted, and ordered the mandate affirming Bell's convictions and sentence be issued. *Bell*, 329 Ark. 422, 948 S.W.2d 557.

557 (1997). Bell subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1994). The petition was denied, and we affirmed. *Bell v. State*, CR-02-1071 (Ark. May 13, 2004) (unpublished per curiam). In 2010, Bell filed in the trial court a petition for recall and for resentencing. Bell sought resentencing by the trial court based on the decision of the United States Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010), wherein the Court held that the Eighth Amendment forbids a sentence of life imprisonment without parole for a juvenile offender who did not commit homicide. The trial court denied his petition, and we affirmed the order. *Bell v. State*, 2011 Ark. 379 (per curiam), *cert. denied*, 132 S. Ct. 1915 (2012).

## II. *Section 16-90-111*

In 2015, Bell filed in the trial court a pro se petition to correct the sentence pursuant to section 16-90-111 (Repl. 2013) contending that the sentence imposed on him was illegal because he was a juvenile at the time the offenses were committed, and he, as an accomplice, had not killed anyone himself and did not intend to kill anyone. The trial court denied the petition on the grounds that it was an unauthorized second petition for postconviction relief under Rule 37.2(b) and, even if considered on substantive Eighth Amendment grounds, it did not state a basis for relief. We affirmed the order. *Bell v. State*, 2015 Ark. 370 (per curiam).

When we affirmed the order that denied Bell's initial 2015 petition under section 16-90-111, we noted a sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *See Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999); *see also Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. Bell, who

did not contend that the sentence imposed on him exceeded the statutory maximum, was convicted of two Class Y felonies under Arkansas Code Annotated section 5-4-401(a)(1) (1987), punishable by a term of imprisonment of not less than ten years nor more than forty years, or life. Under Arkansas Code Annotated section 5-10-102(c) (Supp. 1991), first-degree murder was a Class Y felony when the offenses were committed. Accordingly, the life sentences imposed on Bell were within the range allowed by statute and were not facially illegal. *See Green*, 2016 Ark. 386, 502 S.W.3d 524.

As to Bell's contention in his 2016 petition that *Graham* applied to his case and rendered him eligible for parole because he was merely an accomplice, this issue was addressed by this court in *Bell*, 2011 Ark. 379. In that proceeding, Bell also argued that he was entitled to resentencing under *Graham* because he was only an accomplice to first-degree murder and, thus, did not commit a homicide offense. We noted in our opinion that our case law makes clear that Bell was convicted of two homicides. *Bell*, 2011 Ark. 379, at 2. We have held that there is no distinction between principals on the one hand and accomplices on the other insofar as criminal liability is concerned. *Lawshea v. State*, 2009 Ark. 600, 357 S.W.3d 901. When two people assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* Because Bell was convicted of a homicide offense, *Graham* was not applicable. *Bell*, 2011 Ark. 379, at 3.

This court has already addressed Bell's claims concerning his sentencing as a juvenile to life imprisonment, and we need not reconsider the matter in this appeal. With respect to the other allegations that Bell raised in his second petition, the claims were assertions of

trial and constitutional error. A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *See Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. However, the claims, as advanced by Bell, did not allege an illegal sentence of the type that is jurisdictional in nature; rather, the grounds for relief raised in Bell's petition were of the type that should have been raised in the trial court. *See Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591.

Affirmed; motion moot.

*Albert D. Bell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.