SLIP OPINION

# SUPREME COURT OF ARKANSAS
### No. CR–17–370

| | |
|---|---|
| DENNIS VAN JENKINS | **Opinion Delivered** October 26, 2017 |
| APPELLANT | |
| V. | PRO SE MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF BRIEFING SCHEDULE [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. 60CR-00-243] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | APPEAL DISMISSED; MOTION MOOT. |

**JOHN DAN KEMP, Chief Justice**

Appellant Dennis Van Jenkins has appealed from the denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In the pro se petition filed below, Jenkins alleged that his sentence was illegally imposed in that he was sentenced for multiple offenses that arose out of one course of conduct. Jenkins cited *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16 (1982) (per curiam), as authority for the proposition that a defendant may not be sentenced on both a charged felony and an underlying felony, as the underlying felony is a lesser-included offense. The trial court denied the petition as an untimely Rule 37.1 petition over which it had no jurisdiction.

Now before this court is Jenkins's pro se motion for appointment of counsel and stay of briefing schedule in his pending pro se appeal. An appeal from an order that denied a petition for a postconviction remedy will not be permitted to go forward where it is clear

that the appeal is wholly without merit. *Justus v. State*, 2012 Ark. 91, at 2. Because Jenkins alleged that his sentence was illegally imposed and otherwise failed to demonstrate that the sentence was illegal on its face, he cannot prevail. Therefore, we dismiss the appeal, and his motion is rendered moot.

Jenkins is incarcerated pursuant to a 2001 conviction for first-degree murder, aggravated robbery, and theft of property. He was sentenced as a habitual offender to an aggregate term of life plus 360 months' imprisonment. We affirmed. *Jenkins v. State*, 350 Ark. 219, 85 S.W.3d 878 (2002).

Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *See Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999). An illegal sentence is one that is illegal on its face. *Abdullah v. State*, 290 Ark. 537, 540, 720 S.W.2d 902, 904 (1986). A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Lambert v. State*, 286 Ark. 408, 409, 692 S.W.2d 238, 239 (1985). A sentence imposed within the maximum term prescribed by law is not illegal on its face. *Fritts v. State*, 298 Ark. 533, 535, 768 S.W.2d 541, 542 (1989).

Here, Jenkins did not allege in his section 16-90-111 petition that his sentences were facially illegal, but rather that the sentences were imposed illegally in violation of the prohibition against double jeopardy. *See Rea v. State*, 2015 Ark. 431, at 3, 474 S.W.3d 493, 496 (explaining that the purpose of the double-jeopardy clause is to protect a defendant from multiple punishments for the same offense). Double-jeopardy claims are claims that can be raised at trial and for the first time in a postconviction petition filed pursuant to

Arkansas Rule of Criminal Procedure 37.1. *See State v. Montague*, 341 Ark. 144, 146, 14 S.W.3d 867, 868 (2000) (explaining that double-jeopardy claims must be raised at trial and are not treated as an issue of subject-matter jurisdiction that can be raised for the first time on direct appeal); *see also Rowbottom v. State*, 341 Ark. 33, 36, 13 S.W.3d 904, 906 (2000) (holding that double-jeopardy claims are fundamental claims that can be raised for the first time in petitions for postconviction relief pursuant to Rule 37.1). Therefore, Jenkins raised a claim challenging the legality of the imposition of his sentence that is cognizable under Rule 37.1 and subject to the time limitations set forth in Rule 37.2.

Moreover, the sentences imposed in Jenkins's case did not violate the prohibition against double jeopardy and his reliance on *Rowe*, 275 Ark. 37, 627 S.W.2d 16, was unavailing. While the imposition of multiple sentences in *Rowe* was once prohibited by law, the law was changed. *Clark v. State*, 373 Ark. 161, 164, 282 S.W.3d 801, 803–04 (2008) (citing Arkansas Code Annotated section 5-1-110(d)(1) (Repl. 1997)).[1] Indeed, the relevant code section 5-1-110(d)(1)(B) stated, in pertinent part, as follows: "Notwithstanding any provision of law to the contrary, separate convictions and sentences are authorized for: Murder in the First Degree, § 5-10-102, and any felonies utilized as underlying felonies for the murder[.]"[2]

---

[1] The law was changed by Act 657 of 1995. Section 1 of that Act provided "[i]t is the intent of the legislature pursuant to *Missouri v. Hunter*, 459 U.S. 359 (1983), to explicitly authorize separate convictions, sentences, and cumulative punishments for the offenses specified in [this] Act." The record demonstrates that the offenses for which Jenkins was convicted and sentenced took place on December 11, 1999.

[2] Under the recent version of this code section, this language appears in section 5-1-110(d)(1)(C) (Repl. 2016).

Jenkins was found guilty of first-degree murder in furtherance of the crime of aggravated robbery and theft of property, namely, stealing the victim's truck. *See Jenkins*, 350 Ark. at 227, 85 S.W.3d at 882. Jenkins's sentences of life imprisonment, thirty years' imprisonment, and ten years' imprisonment, respectively, with the ten-year and thirty-year sentences to run concurrently, but consecutively to the life-imprisonment sentence, were within the maximum sentences allowed by law. *Id.* at 221, 85 S.W.3d at 879. The trial court did not clearly err when it denied Jenkins's petition to correct an illegal sentence as an untimely petition under Rule 37.2.

Appeal dismissed; motion moot.