SLIP OPINION

Cite as 2017 Ark. 338

# SUPREME COURT OF ARKANSAS

No. CR–17–469

| | |
|---|---|
| ROBERT WILLIAM FISCHER<br>PETITIONER | **Opinion Delivered** November 30, 2017 |
| V. | PRO SE MOTION FOR RULE ON CLERK [BENTON COUNTY CIRCUIT COURT, NO. 04CR-08-1542] |
| STATE OF ARKANSAS<br>RESPONDENT | MOTION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

After petitioner Robert William Fischer's convictions and sentences were affirmed on appeal, *Fischer v. State*, 2011 Ark. App. 580, Fischer filed in the trial court an amended pro se petition for relief from an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), which was denied.[1] Fischer filed a timely notice of appeal from the denial of relief; however, the record was tendered 111 days after the notice of appeal had been filed. Fischer has now filed a motion for rule on clerk seeking to have the record lodged to pursue an appeal. We need not consider the merits of the motion for rule on clerk because it is clear from the record that Fischer cannot prevail, as he fails to argue that his sentence is illegal on its face pursuant to section 16-90-111. We deny Fischer's motion.

---

[1] The tendered record does not contain the original petition to correct an illegal sentence; however, the trial court's denial only addressed the amended petition.

SLIP OPINION

In his amended petition for relief from an illegal sentence, Fischer argued his multiple consecutive sentences were illegal "under one (1) offense, one (1) class c felony . . . on its face[.]"  Specifically, he contended that he was convicted of only one class C felony offense, for which he could be sentenced from three to ten years' imprisonment.  He further argued that his sentence was unconstitutionally long.  Fischer also argued that the words of the statute governing concurrent and consecutive sentencing was clear and free from all ambiguity.  The trial court found that Fischer was found guilty of six counts of a class C felony and was sentenced to ten year's imprisonment to be served consecutively, which was the sentence imposed on the defendant pursuant to Arkansas Code Annotated section 5-4-403(a) (Repl. 2006).

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous.  *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001).  A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed.  *Id.*

While the time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Rule 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect.  *See Beyard v. State*, 2017 Ark. 203, at 2–3.  For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Fischer had indeed been illegal.

2

Sentencing is entirely a matter of statute in Arkansas, and no defendant convicted of an offense may be sentenced other than as provided by statute. *Maldonado v. State*, 2009 Ark. 432, at 3. An illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 520, 785 S.W.2d 212, 213 (1990). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Green v. State*, 2016 Ark. 386, at 6, 502 S.W.3d 524, 528.

Fischer was charged with and convicted of six counts of distributing, possession, or viewing of matter depicting sexually explicit conduct involving a child, which is a class C felony for the first offense.[2] *See* Ark. Code Ann. § 5-27-602(b)(1) (Repl. 2006). The sentence shall not be less than three years or more than ten years for a class C felony. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006). Although Fischer argued his sentence was unconstitutionally long, the jury recommended and the court fixed Fischer's sentence at ten years' imprisonment for each count, which is clearly within the statutory range of three to ten years. *See Green*, 2016 Ark. 386, at 6, 502 S.W.3d at 528. Fischer's judgment-and-commitment order is facially legal regarding his six sentences of ten years of imprisonment for each of the six counts for which he was convicted.

Fischer claims that Arkansas Code Annotated section 5-4-403(a), which governs concurrent and consecutive sentences, applies to his case and seems to imply that he could be sentenced to only one term of ten years concurrently. Our law provides that "[w]hen multiple sentences of imprisonment are imposed on a defendant convicted of more than

---

[2] The judgment-and-commitment order was not part of this record on appeal; however, this court takes judicial notice of the record on direct appeal.

one (1) offense . . . the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively." Ark. Code Ann. § 5-4-403(a). Whether sentences should have been imposed concurrently or consecutively, that decision was solely within the province of the trial judge. *See Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). As long as the sentences were not excessive, the issue of whether the sentences should have run concurrently or consecutively should have been raised at trial and does not present a proper basis for a postconviction claim.[3] *See Bell v. State*, 2017 Ark. 231, at 5, 522 S.W.3d 788, 790.

The trial court sentenced Fischer to consecutive terms of imprisonment as provided by Arkansas Code Annotated section 5-4-403(a), which is clearly statutorily permitted and does not exceed the statutory maximum for the offenses. Notably, Fischer's allegation in the petition was not sufficient to demonstrate that the consecutive sentences that were imposed were facially illegal. *See Blanks v. State*, 300 Ark. 398, 779 S.W.2d 168 (1989). The trial court's decision in this case was not clearly erroneous because Fischer did not meet

---

[3] If permitted to "correct a sentence imposed in an illegal manner[,]" Fischer would have to comply with the time limitations of Rule 37 with respect to his concurrent/consecutive argument. *See* Ark. Code Ann. § 16-90-111(a)(b)(1). The mandate issued on October 25, 2011, and Fischer filed his amended petition for relief from an illegal sentence on November 23, 2015; however, the tendered record lacks the original petition for relief from illegal sentence pursuant to Arkansas Code Annotated section 16-90-111. It is well settled that the burden is on the party demonstrating error to bring up a record which so demonstrates error, and when the party fails to make that demonstration, this court has no choice but to affirm the trial court's decision. *See Bratton v. Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989); *see also Miles v. State*, 350 Ark. 243, 250, 85 S.W.3d 907, 912 (2002). Fischer merely argues his sentences are illegal because they are excessive.

his burden of demonstrating in his petition that the sentences imposed on him in the judgment were illegal.

Motion denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The timely filing of a transcript is a jurisdictional question, and the failure to timely file deprives this court of authority to hear the appeal. *T. Ricks, LLC v. Kent*, 2014 Ark. 269; *see also* Ark. Sup. Ct. R. 2-2. Without jurisdiction, this court cannot consider an appeal on the merits. *Kent, supra.* Contrary to the majority's assertion that "we need not consider the merits of the motion for rule on the clerk" to determine whether this court has *jurisdiction*, we *must* consider the "merits" of Mr. Fischer's motion. Quite simply, the majority has put the cart before the horse.

I respectfully dissent.