2017 Ark. 361

**Rickie GREEN, Appellant**

v.

**STATE of Arkansas, Appellee**

No. CR–17–167

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

Rickie Green, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Adam Jackson, Ass't Att'y Gen., for appellee.

Josephine Linker Hart, Associate Justice

Appellant Rickie Green appeals from an order of the Lonoke County Circuit Court denying his pro se petition to correct an illegal sentence. In addition to asserting that the circuit court's ruling was error, Green also filed a motion for appointment of counsel. We reverse and remand.

Green entered a plea of guilty to conspiracy to commit residential burglary and theft of property. He received identical sentences of 240 months for each offense; 108 months' imprisonment, with 132 months of the terms suspended. Green alleged in his petition that his sentence was illegal on its face under section 16–90–111 (Repl. 2016). He reasoned that the sentence stated on the judgment was calculated based on the assumption that he was a habitual offender, but the judgment did not reflect that he was sentenced as a habitual offender. He further asserted that the ADC had erroneously determined that he was required by statute to serve 100 percent of the 108–month term imposed without the possibility of parole.

A circuit court's decision to deny relief under section 16–90–111 will not be overturned unless that decision is clearly erroneous. Section 16–90–111(a) allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction.[1] *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

We note that the felony information filed in Green's case stated that he was charged as a habitual offender with

1. The time limitations on filing a petition under section 16–90–111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2016). The portion of section 16–90–111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Gardner v. State*, 2017 Ark. 230, 2017 WL 3300528.

convictions for four or more prior felony offenses. Furthermore, the plea agreement set out that Green was pleading guilty as a habitual offender. When Green entered his plea, the court asked whether he understood that he was being "sentenced under a large habitual" and whether he had read, understood, and signed the plea agreement. Green replied in the affirmative. Nevertheless, the judgment that was entered after he pleaded guilty, a copy of which appears in the record in this appeal, did not have a checkmark in the box on the judgment to indicates that he was sentenced as a habitual offender.

Conspiracy to commit residential burglary is a class C felony. *See* Ark. Code Ann. § 5–39–201(a) (Repl. 2013) (residential burglary is a Class B felony; pursuant to Ark. Code Ann. § 5–3–404(3); criminal conspiracy is a Class C felony if the object of the conspiracy is a Class B felony). Theft of property valued at between $1000 and $5000 is a Class D felony. A Class D felony carries a maximum penalty of 72 months' imprisonment. Ark. Code Ann. § 5–4–401(a)(5) (Repl. 2013). As stated, the judgment reflects that Green was sentenced to 240 months' imprisonment for each offense.

We note first that even if Green was sentenced as a habitual offender for the Class D felony, the aggregate sentence imposed for that offense could not exceed 180 months. Ark. Code Ann. § 5–4–501(b)(2)(E) (Repl. 2013). Accordingly, this sentence, by any calculation, exceeded the statutory maximum. Regarding the Class C felony, unless Green was sentenced as a habitual offender, which the sentencing order failed to indicate, his sentence exceeded the statutory maximum of 120 months' imprisonment. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Bell v. State*, 2017 Ark.

231, 522 S.W.3d 788. Accordingly, the circuit court clearly erred when it denied Green's petition to correct his illegal sentence.

Because the circuit court clearly erred, we reverse and remand this case to the circuit court for further proceedings consistent with this opinion. Upon remand, the circuit court has full authority to correct Mr. Green's illegal sentence. Ark. Code Ann. § 16–90–111. The circuit court may either reduce Mr. Green's sentence to no more than the statutory maximums for each offense, or indicate on the sentencing order that he was sentenced as a habitual offender and adjust the aggregate sentence for the theft of property conviction. Such fact-finding is outside of this court's appellate jurisdiction. *See Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 227–28, 729 S.W.2d 156. 292 Ark. 225, 729 S.W.2d 156, 157 (1987) (holding "we are an appellate court; we do not retry cases.")

Green argues that the ADC has misapplied certain statutes in calculating whether he is eligible for parole. The claim is not a ground for relief under section 16–90–111 because the ADC's determination concerning parole eligibility does not call into question the legality of the original judgment in the case.

Finally, we deny Green's motion for appointment of counsel.

Reversed and remanded; motion denied.