KAREN R. BAKER, Associate Justice
Appellant Tyrone Swift appeals to this court from the dismissal by the trial court of his pro se petition and amended petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). He argued in the petition and amended petition that sentences imposed on him in 2013 for first-degree battery and first-degree criminal mischief were illegal because he did not knowingly and intelligently sign the agreement to enter his plea as a habitual offender, because his trial counsel did not adequately explain his plea agreement, and because the Arkansas Department of Correction (ADC) erred in its determination that he would be required to serve 100 percent of his sentence for his first-degree battery conviction without being eligible for parole. The trial court held that Swift did not establish that his sentences were illegal on their face, and thus he was not entitled to relief under the statute. The trial court further held that, to the extent Swift raised claims pursuant to Arkansas Rule of Criminal Procedure 37.1, Swift's claims were untimely and successive. For the reasons set forth below, Swift fails to demonstrate that he is entitled to relief, and we therefore affirm.
On December 17, 2013, judgment was entered in Swift's case reflecting that he entered a plea of guilty to first-degree battery and first-degree criminal mischief for which he was sentenced as a habitual *290 offender under Arkansas Code Annotated section 5-4-501(b) (Supp. 2011) to serve an aggregate sentence of 300 months' imprisonment.[1] In November 2016, Smith sought relief from the judgment pursuant to section 16-90-111. While the time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. See Beyard v. State , 2017 Ark. 203, 2017 WL 2378181. For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Swift had indeed been illegal. Ark. Code Ann. § 16-90-111(a) ; Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236.
An illegal sentence is one that is illegal on its face. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. Lambert v. State , 286 Ark. 408, 692 S.W.2d 238 (1985). A sentence imposed within the maximum term prescribed by law is not illegal on its face. See Fischer , 2017 Ark. 338, 532 S.W.3d 40 ; see also Green v. State , 2016 Ark. 386, 502 S.W.3d 524.
Swift first contends that the trial court erred in denying relief on the ground that he was not informed before he entered his plea that he would be sentenced as a habitual offender.[2] As support for the contention, he notes that the designation "habitual offender" on the plea agreement was circled rather than checked. Swift further alleges that he was misinformed by his attorney that, if he signed the plea agreement, he would serve only five years before being eligible for parole and that he did not agree to the sentence imposed or understand that he would be required to serve the complete sentence. In short, Swift contends he entered his plea prompted by poor, inaccurate advice received from his attorney.
Here, the sentences that were imposed on Swift did not exceed the sentences permitted by subsection (b) of the habitual-offender act. First-degree battery, a class B felony, is subject to a term of imprisonment of not less than five years *291 nor more than forty years. Ark. Code Ann. § 5-4-501(b)(2)(C). Swift was sentenced to 360' months or 30 years' imprisonment for the first-degree battery conviction, a period of time well within the maximum term. First-degree criminal mischief, a class D felony, is subject to a term of imprisonment of not more than fifteen years. Ark. Code Ann. § 5-4-501(b)(2)(E). In the same vein, Swift was sentenced to a term of 120 months' or 10 years' imprisonment for the first-degree criminal-mischief conviction, a period of time within the maximum term of imprisonment for a class D felony subject to the habitual-offender enhancement. Swift is not entitled to relief to correct an illegal sentence because his sentences are not illegal.
Moreover, Swift has not demonstrated that he was entitled to have his sentence vacated under the statute because the fact that the designation on the plea agreement that he was being sentenced as a habitual offender was circled rather than checked is not sufficient to render the judgment illegal on its face. Cf. Green v. State , 2017 Ark. 361, 533 S.W.3d 81 (judgment entered after Green pleaded guilty was facially invalid because it lacked checkmark in the box on the judgment itself to indicate that he was sentenced as a habitual offender). Swift initialed and signed the plea agreement, indicating that he understood the sentencing range for the offenses. Simply put, Swift's claim regarding the plea agreement does not demonstrate that his sentence is illegal on its face.
Swift also contends he would not have signed the plea statement had either his counsel or the court explained that he would serve twenty-five years "day for day" before being released. Swift argues that had counsel advised him that he was entering a plea as a habitual offender and would serve 100 percent of his sentence, he would not have pleaded. The ADC's determination concerning parole eligibility does not call into question the legality of the original judgment and is not a ground for relief under section 16-90-111. Green , 2017 Ark. 361, 533 S.W.3d 81.
To the extent Swift raises claims regarding the illegal imposition of sentence or of ineffective assistance of counsel, those claims should have been raised in a timely Rule 37.1 petition.[3] The trial court held that Swift had previously sought Rule 37.1 relief, was denied relief on the merits, and is not entitled to file a second petition. The trial court's decision denying relief in this case was not clearly erroneous because Swift did not meet his burden of demonstrating that the sentences imposed on him in the judgment were illegal.
Affirmed.

Swift indicated in his amended petition that he entered a plea of nolo contendere, and the State in its brief and the trial court in its order repeat that statement, but the copy of the sentencing order contained in the record in the appeal reflects that he entered a guilty plea. For the purposes of consideration of the claims under section 16-90-111, it is of no import whether the plea was one of guilty or nolo contendere because there is no distinction made between pleas of guilty and nolo contendere. See Martin v. State , 2015 Ark. 147, 460 S.W.3d 289. Trial courts are required to treat a plea of nolo contendere the same as if it were a plea of guilty. See Ark. Rule of Crim. P. 24.6 (2017). The factual inquiry required for acceptance of a guilty plea and a plea of nolo contendere is the same. Ashby v. State , 297 Ark. 315, 761 S.W.2d 912 (1988).

In his brief in this appeal, Swift argues the following claims that were not raised in the trial court: he had been convicted of only two prior felonies rather than four; a prior felony conviction from another jurisdiction was used to establish that he was a habitual offender; he was intellectually impaired; the plea agreement erroneously showed his name to be "Tyrone Smith" rather than "Tyrone Swift"; the State failed to prove that he was guilty of first-degree battery, and the habitual-offender statute was void for vagueness. We do not address arguments that are raised for the first time on appeal. Hicks v. State , 2017 Ark. 262, 526 S.W.3d 831. Appellants are bound by the arguments raised in the trial court and the scope and nature of those arguments as presented to the trial court. See id.

Under Arkansas Rule of Criminal Procedure 37.2(c) (2013), a petition claiming relief under the rule must be filed in the circuit court within ninety (90) days of the date of the entry of judgment if the petitioner did not appeal the judgment of conviction.