RITA W. GRUBER, Chief Judge
Appellant Brian Smith entered a negotiated plea of guilty to the offenses of robbery and failure to appear on April 17, 2017. The Faulkner County Circuit Court entered a sentencing order that same day (1) reflecting that appellant had entered a plea of guilty to robbery, a class B felony, and failure to appear, a class C felony, and (2) imposing sentences of 360 months' imprisonment and 240 months' imprisonment, respectively. On appeal, he argues that his sentence of 240 months' imprisonment for failure to appear is illegal because his attorney's questioning of him at the sentencing hearing referenced failure to appear as a class D felony rather than a class C felony. We dismiss the appeal.
Generally, a defendant has no right to appeal from a guilty plea. Seibs v. State , 357 Ark. 331, 334, 166 S.W.3d 16, 17 (2004). Exceptions to this rule include (1) conditional guilty pleas, (2) when the issue on appeal is one of evidentiary errors that happened during the sentencing phase of *555 the trial, or (3) the denial of a postjudgment motion to amend an incorrect or illegal sentence. Cummins v. State , 2013 Ark. App. 657, at 2, 2013 WL 5964606 ; see also Green v. State , 2017 Ark. 361, 533 S.W.3d 81 (reversing and remanding appeal from guilty plea after denial of postjudgment motion under Ark. Code Ann. § 16-90-111(a) (Repl. 2016) ). None of the exceptions apply in this case; accordingly, we dismiss the appeal.[1]
Dismissed.
Abramson and Gladwin, JJ., agree.

Although the State has failed to challenge the propriety of the appeal, this is an issue of jurisdiction that this court will raise sua sponte. Wright v. State , 2009 Ark. App. 428, 2009 WL 1478255.