KAREN R. BAKER, Associate Justice
This appeal stems from the circuit court's denial of appellant John Richard Lukach's pro se petition for relief under Arkansas Code Annotated section 16-90-111 (Repl. 2016) and his motion for reconsideration of that decision and the circuit court's imposition of a strike under the three-strike rule in Arkansas Code Annotated section 16-68-607 (Repl. 2005). We affirm the denial of postconviction relief and reverse and remand for an appropriate order.
In addition, Lukach filed a petition for writ of mandamus against our clerk, which we deny. He also filed a motion for clarification after the matter had been briefed. That motion is rendered moot by our decision in the appeal.
Lukach's section 16-90-111 petition challenged his convictions in four cases. This court granted his pro se motion for rule on clerk to proceed with the appeal and later dismissed the appeal as to two of the four cases. Lukach v. State , 2017 Ark. 128, 516 S.W.3d 711 (per curiam). In that decision, we also limited the appeal to the issue of whether the circuit court lacked the authority to sign the commitment order and to whether the circuit court erred in imposing a strike.
I. Mandamus and Motion
In his petition for mandamus against our clerk, Lukach complains that he was not provided all four volumes of the original record, and he seeks to have this court direct the clerk to provide him with the remaining three volumes of that original record. However, based on the record before us, it is clear that Lukach has received the volumes of the record he asserted he had not received. Because Lukach received a complete copy of the record necessary for this appeal, the petition for mandamus is moot and therefore denied.
Further, after the briefs were filed, Lukach filed a motion in which he seeks clarification of certain actions by our clerk; this motion is also rendered moot by our decision to reverse and remand in part to the circuit court.[1]
*812 II. The Commitment Orders
For his first point on appeal, Lukach challenges the commitment orders entered in case Nos. 30CR-91-123 and 30CR-91-124. As we noted in our previous opinion, the challenges Lukach raised to the judgments of conviction and his sentences were not valid. The record on direct appeal contains judgments that were entered on August 27, 1991, and signed by the Honorable John Cole, the judge who presided over the trial.[2] Those judgments reflect that Lukach was sentenced in person, that he was convicted on two charges of rape against different victims, and that each judgment imposed a sentence of life imprisonment in the Arkansas Department of Correction (ADC). There were two later judgment-and-commitment orders also contained in that record, and it is the validity of those two orders that Lukach challenges.
Lukach alleged that the judge who signed the first judgment-and-commitment order, the Honorable Phillip H. Shirron, did not have the authority to enter the order. He contends that until the legislature passed Act 51 of 1992, there was no legislative authority for chancellors and circuit judges in the same judicial district to act under exchange agreements. Lukach asserted that a subsequent judgment-and-commitment order signed by Judge Cole was invalid because the sentence had been placed into execution. The State contends that Lukach did not state a cause of action under section 16-90-111.
With regard to claims pursuant to Ark. Code Ann. § 16-90-111, a circuit court's decision to deny relief will not be overturned unless that decision is clearly erroneous. Green v. State , 2017 Ark. 361, 533 S.W.3d 81. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40.
The time limitations for filing a petition under section 16-90-111 alleging that the sentence was imposed in an illegal manner are superseded by Arkansas Rule of Criminal Procedure 37.2(c) (1994), and when a petition under the statute has been filed far beyond the expiration of those time limitations, as it was here,[3] the circuit court has authority to grant relief under the statute only if the sentence imposed was illegal. Id. Under section 16-90-111, a sentence is illegal when it is illegal on its face. Anderson v. State , 2017 Ark. 357, 533 S.W.3d 64. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236.
With these standards in mind, we turn to Lukach's argument. On appeal, Lukach does not contend that his sentences exceeded the statutory maximum *813 because of Judge Shirron's action. Rather, he challenges the validity of the document that authorized his commitment to the ADC. We note that the record contains a valid judgment signed by Judge Cole imposing sentences within the statutory range. A sentence imposed within the maximum term prescribed by law is not illegal on its face. Id. In challenging the judgment-and-commitment order, Lukach challenges the imposition of his sentences rather than the validity of his sentences. Although he frames this as a jurisdictional issue that would void the judgment, it is not.
Lukach contends that Judge Shirron acted in excess of his authority, which is not a question of subject-matter jurisdiction. Jurisdiction is granted to a particular position, that is, to a particular court, and not to the person who fills it. Simpson v. State , 310 Ark. 493, 837 S.W.2d 475 (1992). In Simpson , this court was asked to consider a question raised for the first time on appeal concerning whether the chancellor who tried a case lacked subject-matter jurisdiction and whether an intradistrict exchange was authorized. We affirmed the circuit court and explained that "subject matter jurisdiction ... is determined from the pleadings, and once a proper charge is filed in circuit court, that court may exercise jurisdiction over that subject matter. Walker v. State , 309 Ark. 23, 827 S.W.2d 637 (1992).... Jurisdiction is granted to a particular position, that is, to a particular court, and not to the person who fills it. Nation v. State , 283 Ark. 250, 674 S.W.2d 939 (1984)." Simpson , 310 Ark. at 499, 837 S.W.2d at 478. Here, the Hot Spring County Circuit Court clearly had jurisdiction over this matter, and the issue raised by Lukach concerns the authority of the individual who filled that position. As we explained in Simpson , that issue relates to the authority of the sitting judge and not to the jurisdiction of the circuit court. Because this issue is not one of subject-matter jurisdiction, we hold that the circuit court did not clearly err in denying relief under Arkansas Code Annotated section 16-90-111.
III. Imposition of a Strike
For his second point on appeal, Lukach contends that the circuit court erroneously imposed a strike pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005) based on the denial of his petition. The State concedes that it was error for the court to count the denial of the section 16-90-111 petition as a strike under Arkansas Code Annotated section 16-68-607 (Repl. 2005).[4] The language of that statute as was in effect when Lukach filed his petition does not confer authority on the circuit court to impose a strike in a criminal case, and the circuit court erred by imposing a strike. Hill v. State , 2017 Ark. 196, 520 S.W.3d 664. To the extent that it did so, the order was void. Accordingly, we reverse and remand for the circuit court to enter an order consistent with this opinion.
Affirmed in part and reversed and remanded in part; petition denied; motion moot.

Lukach questioned why the additional copy that he provided to be returned to him as file-marked did not contain all the pages, why the mandamus petition was filed in this proceeding, and why it appeared to him to take several days for his pleadings to be filed.

This court may take judicial notice of the record on direct appeal in postconviction proceedings without need to supplement the record. McClinton v. State , 2017 Ark. 360, 533 S.W.3d 578.

Lukach appealed his convictions. Lukach v. State , 310 Ark. 119, 835 S.W.2d 852 (1992), and the mandate issued on July 17, 1992. When an appeal was taken, Rule 37.2(c) required a petition seeking that type of relief to be filed within sixty days of the date the mandate was issued by the appellate court. Lukach filed his section 16-90-111 petition in 2015, more than twenty years after the mandate had been issued.

Act 1110 of 2017 Acts of Arkansas amended the statute, effective August 1, 2017. Ark. Code Ann. § 16-68-607 (Supp. 2017).