KAREN R. BAKER, Associate Justice
Appellant Richard J. Jackson brings this appeal from the denial by the trial court of his pro se "petition to reconsider and/or modify sentence." Jackson argued in the petition, which sought postconviction relief from his sentence,[1] that a hearing should be held so that he could make the trial court aware of new and mitigating circumstances that would affect the sentence imposed in his criminal case. The trial court denied the relief sought on the grounds that Jackson's petition was meritless. While Jackson did not invoke either Arkansas Rule of Criminal Procedure 37.1 or Arkansas Code Annotated section 16-90-111(Repl. 2016), the circuit court also noted that Jackson's petition was untimely under both of those postconviction remedies.
This court will not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id. We find no error in the trial court's denial of Jackson's petition and affirm the order.
In 2012, Jackson entered a plea of guilty to robbery, kidnapping, and two counts of theft of property. He elected to be sentenced by a jury and was sentenced as a habitual offender to consecutive sentences totaling 1080 months' imprisonment. The Arkansas Court of Appeals affirmed the sentencing proceeding and remanded with instructions to correct errors in the judgment form.[2] Jackson v. State , 2013 Ark. App. 689, 2013 WL 6097989. Jackson filed his petition in the trial court to reconsider or modify the sentence in 2017.
Jackson's petition in the trial court did not allege that the sentence imposed on him was either illegal or illegally imposed, only that he desired to present unspecified new evidence and information in mitigation of the sentence. Generally, absent a statute, rule, or available writ, once the trial court enters a judgment and commitment order, jurisdiction is transferred to the executive branch of our government. See Richie v. State , 2009 Ark. 602, 357 S.W.3d 909. Without an exception *348 provided by statute, rule, or available writ, the trial court lacks subject-matter jurisdiction to modify the sentence. Whitney v. State , 2018 Ark. 21, 535 S.W.3d 627.
Arkansas Rule of Criminal Procedure 37.1 is one of the rules that provides an avenue for the trial court to modify a sentence under certain circumstances provided that the petition for relief is timely filed. See Richie , 2009 Ark. 602, 357 S.W.3d 909. Rule 37.2(c) provides that a petition under the Rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction. Here, the court of appeals' mandate that affirmed the sentencing order in Jackson's case was issued on December 10, 2013. Jackson filed his petition in the trial court more than three years after the mandate had been issued. The time limitations imposed in Rule 37.2(c) are mandatory, and the trial court may not grant relief on an untimely petition. Maxwell v. State , 298 Ark. 329, 767 S.W.2d 303 (1989). As Jackson did not file his petition within the time limit set by the Rule, he was not entitled to relief under the Rule.
Jackson argues that he was entitled to relief under section 16-90-111 because the statute permits mitigating circumstances to be submitted for consideration by the trial court at any time and because he was denied effective assistance of counsel in the trial court. With respect to the claim of ineffective assistance of counsel, the claim should have been raised in a timely petition under Rule 37.1. Swift v. State , 2018 Ark. 74, 540 S.W.3d 288. Moreover, the argument was not raised below, and we do not address arguments that are raised for the first time on appeal. Marshall v. State , 2017 Ark. 347, 532 S.W.3d 563.
As to section 16-90-111(a), the statute provides authority to a trial court to correct a truly illegal sentence at any time.[3] Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. Id. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. Lambert v. State , 286 Ark. 408, 692 S.W.2d 238 (1985). A sentence imposed within the maximum term prescribed by law is not illegal on its face. Fischer , 2017 Ark. 338, 532 S.W.3d 40 ; Green v. State , 2016 Ark. 386, 502 S.W.3d 524. Here, Jackson made no assertion that the sentence imposed on him exceeded the sentence permitted under the applicable law. Instead, Jackson argues for the first time in his brief that section 16-90-111 permitted him to present mitigating evidence at any time and that his attorney could have conveyed to the court evidence in mitigation of the sentence that he has a severe learning disability. Jackson cites no relevant case law or persuasive authority to support his argument that section 16-90-111 allows an unlimited opportunity for a trial court to consider factors in mitigation of a sentence after the sentence has been placed into execution. This court does not consider arguments without authority or convincing support when it is not apparent without further *349 research that the argument is well-taken. Maiden v. State , 2014 Ark. 294, 438 S.W.3d 263. The allegation that counsel could have offered mitigation evidence concerning his learning disability constitutes an allegation of ineffective assistance of counsel and is not cognizable as a ground for relief under the statute. See Swift , 2018 Ark. 74, 540 S.W.3d 288. Furthermore, the allegation does not support his claim that he is entitled under the statute to present mitigation evidence at any time.
Affirmed.

This court has held that a petition challenging a judgment, regardless of the label placed on it by the petitioner, can be considered as a petition for postconviction relief. See Latham v. State , 2018 Ark. 44, 2018 WL 897481.

The court of appeals noted that (1) the judgment failed to reflect Jackson had pleaded guilty; (2) check-marked boxes incorrectly reflected that Jackson was found guilty by the court and sentenced by a jury and that guilt had been pronounced at a jury trial; and (3) although the form showed that the two theft-of-property offenses were committed on June 24, 2010, check marks classified them as Class D felonies-which was not the classification of those offenses at the time. Jackson , 2013 Ark. App. 689, at 3.

While the time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. See Beyard v. State , 2017 Ark. 203. For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Jackson had indeed been illegal. Ark. Code Ann. § 16-90-111(a) ; Jenkins , 2017 Ark. 288, 529 S.W.3d 236.