Karen R. Baker, Associate Justice
Appellant Brian Keith Byrne brings this appeal from the denial and dismissal by the circuit court of his pro se petition for reduction of sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Now before us is Byrne's motion asking that counsel be appointed to represent him on appeal. As there was clearly no ground stated in the petition on which relief could be granted under the statute, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief, including a petition filed under section 16-90-111, will not be permitted to go forward when it is clear that there is no merit to the appeal. Gardner v. State , 2017 Ark. 230, 2017 WL 3300528.
In 2005, Byrne entered a plea of guilty to rape and was sentenced to a term of 240 months' imprisonment. He filed the petition for reduction of the sentence in July 2018. He argued that the reduction was merited because he had caused no trouble while incarcerated, he had already served a term sufficient to pay for his crime, and prior to his incarceration, he had served in the military, worked for NASA, and attended college.
With regard to claims pursuant to Arkansas Code Annotated section 16-90-111, a circuit court's decision to deny relief will not be overturned unless that decision is clearly erroneous. Green v. State , 2017 Ark. 361, 533 S.W.3d 81. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40.
*921 The time limitations for filing a petition under section 16-90-111 alleging that the sentence was imposed in an illegal manner are superseded by Arkansas Rule of Criminal Procedure 37.2(c), and when a petition under the statute has been filed far beyond the expiration of those time limitations, as it was here,[1] the circuit court has authority to grant relief under the statute only if the sentence imposed was illegal. Id . Under section 16-90-111, a sentence is illegal when it is illegal on its face. Anderson v. State , 2017 Ark. 357, 533 S.W.3d 64. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236.
Here, Byrne did not contend that the 2005 sentence was illegal on its face or illegally imposed. He asserted only that his sentence should be reduced on the basis of his good conduct while incarcerated, the length of time already served, and his history of good conduct prior to his incarceration. The assertions were not within the purview of the statute that pertains only to challenges to a sentence based on its legality or the validity of its imposition. Stewart v. State , 2018 Ark. 166, 546 S.W.3d 472 (The petitioner was entitled to no relief under section 16-90-111 because the petition did not question either the legality or the validity of the sentence imposed.). A challenge to a sentence on the ground that the petitioner has served enough time to atone for his crime or that his conduct merits a reduction of sentence attacks the execution of the sentence rather than the validity of the sentence imposed by the trial court. See Bosnick v. State , 275 Ark. 52, 627 S.W.2d 23 (1982).
Appeal dismissed; motion moot.
Special Justice Martha McKenzie Hill joins in this opinion.
Kemp, C.J., not participating.

Pursuant to Rule 37.2(c)(i), if a conviction was obtained on a plea of guilty ... and [petitioner] did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. Byrne filed his section 16-90-111 petition in 2018, which was more than twelve years after the entry of his 2005 judgment of conviction.