Cite as 2022 Ark. 105

# SUPREME COURT OF ARKANSAS
No. CV-21-430

ROBERT FISCHER

APPELLANT

V.

DEXTER PAYNE, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

**Opinion Delivered:** May 19, 2022

PRO SE APPEAL FROM THE HOT
SPRING COUNTY CIRCUIT COURT
[NO. 30CV-21-63]

HONORABLE PHILLIP H. SHIRRON,
JUDGE

AFFIRMED.

**RHONDA K. WOOD, Associate Justice**

Robert Fischer appeals the circuit court's dismissal of his pro se petition for a writ of

habeas corpus. Fischer alleged that his conviction is illegal because he only committed one

offense but was convicted of six counts of possessing matter depicting sexually explicit images

of a child. He alternatively argued his multiple sentences should be served concurrently, not

consecutively. The circuit court denied his petition, finding that the six consecutive

sentences were legal. We affirm.

In 2009, Fischer was convicted of six counts of possessing child pornography and was

sentenced to ten years' imprisonment on each count, resulting in an aggregate term of sixty

years' imprisonment. The Arkansas Court of Appeals affirmed. *Fischer v. State*, 2011 Ark.

App. 580. Years later, Fischer filed a pro se petition for relief from an illegal sentence under

Arkansas Code Annotated section 16-90-111 (Repl. 2016). He contended that he was only

convicted of one Class C felony offense and therefore could not have been sentenced to six consecutive ten-year sentences. He alternatively argued that even if he had multiple convictions, Arkansas Code Annotated section 5-4-403(a) mandates that the sentences run concurrently. The circuit court denied the petition. On appeal, we found that it was "clear from the record" that Fischer could not prevail on the merits. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40.

Now, Fischer is again pursuing relief from his multiple sentences resulting from his possession of sexually explicit material involving children. Although the arguments are the same as those he previously raised, this time he asserts relief through a writ of habeas corpus. The circuit court correctly denied his petition.

We will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake. *Id.* A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the matter. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). In Arkansas, sentencing is a matter of statute, and this court has consistently held that sentencing must be according to the statute in effect at the time of the crime.

As stated above, Fischer alleges that his consecutive sentences for six counts of possessing matter depicting sexually explicit images of a child are illegal because he committed only one offense. Thus, he believes his sentence should not be ten years' imprisonment. However, Fischer was charged with, and convicted of, six counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, a Class C felony, for the first offense. *See* Ark. Code Ann. § 5-27-602(b)(1) (Repl. 2006). The sentence for a Class C felony "shall be not less than three (3) years nor more than ten (10) years." Arkansas Code Annotated section 5-4-401(a)(4) (Repl. 2006). Thus, his sentences, which are within the statutory range, are not facially illegal. *See also Fischer*, 2017 Ark. 338, at 3, 532 S.W.3d at 42 (explaining Fischer's sentences were legal).

Likewise, his argument about concurrent rather than consecutive sentences is meritless as we previously stated in his prior case. *Id.* at 3–4, 532 S.W.3d at 42. The decision to impose sentences concurrently or consecutively is solely within the province of the trial court. *See Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Because the trial court's decision to deny Fischer's writ for habeas corpus was not clearly erroneous, we affirm.

Affirmed.

*Robert Fischer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.