Cite as 2022 Ark. 126

# SUPREME COURT OF ARKANSAS

No. CR–22–30

| | |
|---|---|
| RANDALL THOMAS MCARTY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 2, 2022<br><br>PRO SE APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR–92–111]<br><br>HONORABLE BLAKE BATSON, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

In 1993, Randall Thomas McArty was found guilty of first-degree murder and sentenced to life imprisonment. This court affirmed on direct appeal. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). McArty now appeals from the denial of his petition for postconviction relief pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). He contends that the judgment in his criminal case was facially illegal because his sentence of life imprisonment exceeded the maximum sentence authorized for a Class Y felony. Because the sentence imposed was not an illegal sentence, we affirm the circuit court's order.

## II. *Standard of Review*

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007).

III. *Claim of a Facially Illegal Sentence*

Section 16-90-111 gives the trial court authority to correct a facially illegal sentence, as opposed to one imposed in an illegal manner, at any time. Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, at 2, 540 S.W.3d 288, 290. When a petition under the statute has been filed beyond the expiration of the time limitation, the trial court has authority to grant relief under the statute only if the sentence imposed was illegal on its face. *Lukach v. State*, 2018 Ark. 208, at 4, 548 S.W.3d 810, 812. Here, McArty's petition fell outside the time limitations to correct a sentence imposed in an illegal manner, so any valid claim had to allege facts sufficient to support his allegation of a facially illegal sentence.[1]

The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Jackson v. State*, 2018 Ark. 209, at 4, 549 S.W.3d 346, 348. It was McArty's argument that the "determinate" sentence for first-degree murder, a Class Y felony, was forty years, rendering his sentence of life imprisonment illegal on its face. As authority for this claim, he cited *Midgett v. State*, 292 Ark. 278, 729 S.W.2d 410 (1987). *Midgett*, however, does not support McArty's contention. In *Midgett*, the issue was whether the evidence adduced was sufficient to sustain a conviction for first-degree murder, and this court concluded that it was not. *Id.* at 281, 729 S.W.2d at 411. McArty's assertion in the current petition rested on whether a life sentence fell within the authorized sentencing range for first-degree murder.

---

[1]The time limitations for filing a petition under section 16-90-111(a)–(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c). *Swift*, 2018 Ark. 74, at 2, 540 S.W.3d 288, 290. Under Rule 37.2, as applicable to McArty's petition, if the judgment was appealed, then the petition had to be filed within sixty days of the date that the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c) (1995). The mandate in McArty's case issued in 1994, and the petition was filed in 2021, approximately twenty-seven years after the expiration of the period for filing.

McArty raised this same claim in a petition for writ of habeas corpus that he filed in 2020. We affirmed the order, finding that the life sentence imposed on McArty was clearly within the sentencing range for the offense of first-degree murder. *McArty v. Payne*, 2021 Ark. 85, at 3. McArty offered no ground in his petition under section 16-90-111 on which it could be concluded that his sentence was illegal. *See* Ark. Code Ann. § 5-4-401(a) (Repl. 1993) (A defendant convicted of a Class Y felony shall be sentenced to a determinate sentence of not less than ten and not more than forty years, or life.); *see also* Ark. Code Ann. § 5-10-102(c) (Repl. 1993). The jury sentenced McArty to the ultimate maximum sentence, i.e., life imprisonment, which exceeded the maximum determinate sentence of forty years, *e.g.*, *Midgett*, 292 Ark. 278, 731 S.W.2d 774 (supplemental opinion on denial of rehearing June 29, 1987), but contrary to McArty's assertion that he was required to be sentenced to a "determinate" sentence, the maximum sentence for a Class Y felony includes life imprisonment. *See Green v. State*, 2016 Ark. 386, at 6, 502 S.W.3d 524, 528 (A life sentence is for "the natural life of the person sentenced and is not based upon mortality tables or any other formula."). Because McArty was sentenced within the permitted statutory range for first-degree murder, he failed to state a viable claim for issuance of a writ of habeas corpus in the prior proceeding, and he has failed to establish that the sentence was illegal on its face and should therefore be vacated under section 16-90-111. The trial court did not err when it denied the petition.

Affirmed.

*Randall Thomas McArty*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.