# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2195

_____

Adam Musser

*Petitioner - Appellant*

v.

Terry Mapes

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa – Des Moines

_____

Submitted: April 11, 2013
Filed: June 24, 2013

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Adam Musser was convicted in four separate trials of criminally transmitting the human immunodeficiency virus (HIV) in violation of Iowa Code § 709C.1. Following the same number of unsuccessful appeals before the Iowa Supreme Court,

Musser petitioned for habeas relief pursuant to 28 U.S.C. § 2254. The district court[1] denied the petition, and Musser appealed. For the reasons set forth below, we affirm.

## I. Background

### A. Facts

In 2002 and 2003, Musser had unprotected sexual intercourse with four women. At that time, Musser knew himself to be HIV-positive and was receiving treatment for the condition, but either withheld or misrepresented his HIV status to the women.[2] Musser was subsequently convicted in four separate trials of violating Iowa Code § 709C.1 ("the statute"), which provides as follows: "A person commits criminal transmission of [HIV] if the person, knowing that the person's [HIV] status is positive . . . [e]ngages in intimate contact with another person." Iowa Code § 709C.1(1)(a). The statute defines "intimate contact" as "the intentional exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of [HIV]." Id. § 709C.1(2)(b). It is not an element of the offense that a victim actually become infected with HIV. Id. § 709C.1(4).

In separate direct appeals, the Iowa Supreme Court affirmed each of Musser's convictions and fifty-year aggregate prison sentence. See State v. Musser, 721 N.W.2d 734, 741 & n.3 (Iowa 2006). Musser subsequently petitioned the district court for habeas relief pursuant to 28 U.S.C. § 2254. Musser did not dispute the facts underlying his convictions, but claimed that the convictions and representation by his

---

[1]The Honorable James E. Gritzner, Chief United States District Judge for the Southern District of Iowa.

[2]Musser sometimes used a condom, but in at least one instance his condom failed. Three of the four women were confirmed as having *not* been infected with HIV, and the record does not indicate the HIV status of Musser's fourth victim.

counsel were unconstitutional for various reasons. The district court denied Musser's petition on all grounds, Musser v. Mapes, 854 F. Supp. 2d 652 (S.D. Iowa 2012), and this Court granted a certificate of appealability limited to "the issue of whether [the statute] violated the due process clause because it is vague and overbroad."

On appeal, Musser renews his arguments regarding the statute's alleged unconstitutional vagueness and overbreadth. Specifically, Musser claims that the statute does not provide fair notice of what acts are prohibited because the phrases "intimate contact" and "in a manner that could result in the transmission of [HIV]" are vague and sweep too broadly. See Iowa Code § 709C.1(1)(a), (2)(b). Musser argues that the statute unconstitutionally prohibits certain activities—*e.g.*, accidentally bleeding on another individual after an automobile accident or during a sporting competition, kissing, and breast-feeding—where "there is reasonable scientific debate as to whether the mode of transmission *actually* spreads [HIV]" because "all the state needs to do is find an expert to say that such contact '*could*' transmit [HIV]." (Emphases added.)

## B. Standard of Review

"When considering the district court's denial of a habeas petition, we review the district court's findings of fact for clear error and its conclusions of law *de novo*." Middleton v. Roper, 455 F.3d 838, 845 (8th Cir. 2006) (citation and internal quotation marks omitted). "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in (1) 'a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Bucklew v. Luebbers, 436 F.3d 1010, 1015–16 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1), (2)). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[I]t is not enough for [this Court] to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).

## II. Musser's Challenges to the Statute

A litigant may bring a facial challenge to invalidate an imprecise law under two doctrines: vagueness and overbreadth. City of Chicago v. Morales, 527 U.S. 41, 52 (1999). Subject to a limited number of exceptions, however, "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973).

Musser argues that Iowa Code § 709C.1 is invalid for being unconstitutionally vague and overbroad. We address each of his arguments in turn below.

## A. Vagueness

Under the void-for-vagueness doctrine, a law is unconstitutional if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304 (2008); see United States v. Nat'l Dairy Prods. Corp., 372 U.S. 29, 32–33 (1963) ("Void for vagueness simply means that

-4-

criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed."). Vagueness is generally not one of the limited exceptions mentioned above, however, see United States v. Mazurie, 419 U.S. 544, 550 (1975), and thus for Musser to have standing to challenge the statute as vague, the statute must be unconstitutional as applied to his specific conduct at issue. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

For purposes of this appeal, Musser does not dispute the facts underlying his convictions—Musser admits to having unprotected sexual intercourse with four women when he knew himself to be HIV-positive and without informing the women of his condition. And for the reasons stated by the Iowa Supreme Court and reiterated by the district court, Musser had fair notice that unprotected sexual intercourse constituted "intimate contact" within the meaning of the statute. Musser, 721 N.W.2d at 745 (citing State v. Keene, 629 N.W.2d 360, 365–66 (Iowa 2001) ("[A]ny reasonably intelligent person is aware it is possible to transmit HIV during sexual intercourse, especially when it is unprotected.")); see Musser, 854 F. Supp. 2d at 663 & n.8. Thus, because Musser knew his HIV status to be "positive" and engaged in the type of "intimate contact" that the statute was plainly intended to prohibit, the statute is not unconstitutionally vague as applied to him.

Accordingly, Musser is precluded from asserting a void-for-vagueness challenge to the statute based on the hypothetical situations posed in his petition and brief and noted above (*e.g.*, accidental bleeding).

## B.  Overbreadth

Unlike vagueness, "[t]he First Amendment doctrine of overbreadth is an exception to [the] normal rule regarding the standards for facial challenges." Virginia

v. Hicks, 539 U.S. 113, 118 (2003). "[T]he overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when 'judged in relation to the statute's plainly legitimate sweep.'" Morales, 527 U.S. at 52 (quoting Broadrick, 413 U.S. at 615); see Turchick v. United States, 561 F.2d 719, 721 (8th Cir. 1977) ("The aim of facial overbreadth analysis is to eliminate the deterrent or 'chilling' effect an overbroad law may have on those contemplating conduct protected by the First Amendment." (footnote omitted)). The facial overbreadth doctrine is restricted in its application, however, and is "not recognized . . . outside the limited context of the First Amendment." United States v. Salerno, 481 U.S. 739, 745 (1987); Schall v. Martin, 467 U.S. 253, 268 n.18 (1984) ("[O]utside the limited First Amendment context, a criminal statute may not be attacked as overbroad.").

Here, because the certificate of appealability was granted on "the issue of whether [the statute] violated the due process clause because it is vague and overbroad," and because the First Amendment is applied to the States by way of the Due Process Clause, see United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 831 (1983), a First Amendment claim is theoretically within the scope of the appealable issue. But nowhere in his appeal brief does Musser mention "First Amendment" or "freedom of association" or any terms or phrases that would indicate how his claim is properly subject to an overbreadth challenge.[3] Musser argues only

---

[3]The Iowa Supreme Court noted that the "practical effect" of the statute does compel some speech—forcing an individual to disclose that he or she is HIV-positive—and thus implicates the First Amendment. Musser, 721 N.W.2d at 742. Nonetheless, the Iowa Supreme Court determined that "[t]he obvious purpose of th[e] statute is the protection of public health by discouraging the transmission of the AIDS virus[,]" and the court could not "conceive of a less restrictive way in which the state could accomplish its goal." Id. at 744–45. Musser challenged this ruling in his petition, but the district court concluded that "the Iowa Supreme Court's decision was not an unreasonable application of federal law as determined by the United States Supreme Court." Musser, 854 F. Supp. 2d at 666. There is no cognizable way to

-6-

that "[t]he Fourteenth Amendment accords protection to personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education."  For this proposition, Musser cites <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003).  <u>Lawrence</u>, however, was decided on substantive due-process grounds—not the right of free association arising out of the First Amendment.  <u>See</u> <u>id.</u> at 564 ("We conclude the case should be resolved by determining whether the petitioners were free as adults to engage in the private conduct in the exercise of their *liberty* under the Due Process Clause of the Fourteenth Amendment to the Constitution." (emphasis added)). We agree with the district court that Musser is "targeting the right of two persons to engage in private, intimate contact," and that right is more akin to rights that have been recognized under the substantive component of the Due Process Clause, not the First Amendment.  <u>Musser</u>, 854 F. Supp. 2d at 661 n.7; <u>see</u> <u>Roberts v. U.S. Jaycees</u>, 468 U.S. 609, 617–20 (1984) (distinguishing between the "two distinct senses" in which there is a constitutional right to freedom of association).

Accordingly, because Musser does not raise any First Amendment concerns, he is precluded from asserting an overbreadth challenge to the statute.

## III.  Conclusion

For the reasons set forth above, we affirm the district court's denial of habeas relief to Musser.

_____

interpret Musser's appeal brief as advancing a free-speech argument, and thus if there is any First Amendment challenge present, it must arise from the right of free association.