2017 Ark. 357

**Myron Newjean ANDERSON, Jr., Appellant**

**v.**

**STATE of Arkansas, Appellee**

No. CR–17–502

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

See also 2013 WL 5288963.

Myron N. Anderson, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Rachel Kemp, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Associate Justice

|₁Appellant Myron Newjean Anderson, Jr., filed a pro se motion for appointment of counsel in connection with an appeal from orders entered by the circuit court denying Anderson's pro se "Motion for Leave to File an Amended Declaratory Judgment" and a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16–90–111 (Repl. 2016).[1] Anderson sought a declaratory

---

1. Because both orders denying relief and both notices of appeal from those orders were in-' cluded in one record lodged in this court, the appeal of both orders has been consolidated.

judgment on the basis that the elements of a terrorist act as set forth in Arkansas Code Annotated section 5–13–310 (Repl. 2006) are internally inconsistent, which Anderson contends renders the statute unconstitutional. In his petition to correct an illegal sentence, Anderson asserted that his sentence is illegal because it was imposed pursuant to an allegedly unconstitutional statute. On appeal, |₂Anderson advances the same arguments and allegations contained in the pleadings filed below.

For the reasons set forth below, it is clear from a review of the record that Anderson has failed to allege sufficient facts or to provide authority establishing that the challenged statute is unconstitutional on its face or in its application and has likewise failed to demonstrate that his sentences are facially illegal. We therefore affirm, which renders his motion for appointment of counsel moot.

In 2007, a jury found Anderson guilty of five counts of committing a terroristic act and one count of being a felon in possession of a firearm, which arose out of the shooting of seven persons in a nightclub. The jury imposed an aggregate sentence of 1320 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Anderson v. State*, CR–08–458, 2009 WL 196315 (Ark. App. Jan. 28, 2009) (unpublished) (original docket no. CACR 08–458).

Anderson contended below and contends on appeal that the statute under which he was charged and convicted is unconstitutional because there are inconsistencies with respect to the definition of the elements of the offense. Anderson's arguments are difficult to discern, but he appears to contend that the statute is inconsistent in that one subsection defines the offense to include shooting with the purpose of causing injury to another person; while another subsection of the act defines the offense narrowly to include shooting with the purpose of causing injury to another person at an occupiable structure.[2] Anderson asserts |₃that he was denied due process because the information failed to provide notice that a terroristic act must be committed against the occupant of an occupiable structure. Anderson fails to explain or to provide any authority for the proposition that the alleged inconsistency in Arkansas Code Annotated section 5–13–310(a)(1)(A) and section 5–13–310(a)(2) renders the statute unconstitutional on its face or to establish how the alleged inconsistency amounted to a denial of due process.[3]

It is well settled that there is a presumption of validity attending every consideration of a statute's constitutionality that requires the incompatibility between it and the constitution to be clear before we will hold it unconstitutional. *Miller v. Ark. Dep't of Fin. & Admin.*, 2012

---

2. Arkansas Code Annotated section 5–13–310(a)(1)(A) (Repl. 2006) states in pertinent part that a person commits a terroristic act if, while not in the commission of a lawful act, the person shoots at ... an object with the purpose to cause injury to another person. Arkansas Code Annotated section 5–13–310(a)(2) states in pertinent part that a person commits a terroristic act if ... the person shoots with the purpose to cause injury to a person or damage to property at an occupiable structure.

3. A similar argument was advanced by Anderson's codefendant, Michael Anderson, which was rejected by this court in *Anderson v. State*, 2013 Ark. 332, at 4–5 (per curiam). Anderson also advanced a similar argument in a prior petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which was likewise rejected by this court in *Anderson v. State*, 2017 Ark. 44, at 5–6, 510 S.W.3d 755, 759 (per curiam).

Ark. 165, at 7, 401 S.W.3d 466, 470. Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality, and the heavy burden of demonstrating the unconstitutionality is on the one attacking it. *Id.* If possible, this court will construe a statute so that it is constitutional. *Id.* (citing *McLane S., Inc. v. Davis*, 366 Ark. 164, 233 S.W.3d 674 (2006)). Invalidating a statute on its face is, manifestly, strong medicine that has been employed sparingly and only as a last resort. *Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580, 118 S.Ct. 2168, 141 L.Ed.2d 500 (1998). Furthermore, we will not strike down a legislative act on constitutional grounds without first having the benefit of a fully developed adversary case in the lower court. *Drummond v. State*, 320 Ark. 385, 389, 897 S.W.2d 553, 555 (1995).

In order to sufficiently challenge a statute as unconstitutional on its face, an appellant is required to develop allegations before the circuit court that are supported by sufficient authority that the statute is either void for vagueness or overbroad. *See Raymond v. State*, 354 Ark. 157, 167, 118 S.W.3d 567, 574 (2003). The facial-overbreadth doctrine is restricted in its application and is not recognized outside the limited context of the First Amendment. *Musser v. Mapes*, 718 F.3d 996, 1001 (8th Cir. 2013) (citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)); *see also Bailey v. State*, 334 Ark. 43, 54, 972 S.W.2d 239, 245 (1998).

The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *see also Cambiano v. Neal*, 342 Ark. 691, 704, 35 S.W.3d 792, 799–800 (2000). A person whose actions are clearly proscribed by a statute cannot assert its potential vagueness as applied to other persons or circumstances unless the law restricts constitutionally protected conduct. *Garner v. White*, 726 F.2d 1274, 1278 (8th Cir. 1984). We have held that, as a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the facts at issue. *Bowker v. State*, 363 Ark. 345, 355–56, 214 S.W.3d 243, 249 (2005). When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent" who has not received fair warning that certain conduct has been proscribed. *Id.* However, if, by his or her action, that individual clearly falls within the conduct proscribed by the statute, he or she cannot be heard to complain. *Id.*

Here, Anderson did not argue that the challenged statute was either overbroad or void for vagueness, and there is no authority that would have supported such arguments. Arkansas Code Annotated section 5-13-310 does not implicate First Amendment rights, and Anderson can hardly be considered an "entrapped innocent" as his conduct of firing shots inside a crowded nightclub clearly fell within the conduct proscribed by the statute. *Bowker*, 363 Ark. at 355–56, 214 S.W.3d at 249. Nor does Anderson provide authority or argument demonstrating that he was denied due process in the application of the statute under circumstances that led to his convictions and sentences. This court has said on numerous occasions that it will not consider arguments, even constitutional ones, that are not supported by legal authority or convincing argument and will not address arguments when it is

not apparent without further research that the argument is well taken. *Williams v. State*, 371 Ark. 550, 558, 268 S.W.3d 868, 874 (2007). In sum, Anderson does not meet the heavy burden necessary to mount a constitutional challenge to section 5–13–310. *Miller*, 2012 Ark. 165, at 7, 401 S.W.3d at 470.

■■■ The allegations set forth in Anderson's petition to correct an illegal sentence are equally unavailing. Under Arkansas Code Annotated section 16–90–111 (Repl. 2016), a sentence is illegal when it is illegal on its face, and we have explained that a sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Bell v. State*, 2017 Ark. 231, at 3–4, 522 S.W.3d 788, 790 (citing *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999)). Anderson does not contend that the sentences imposed on him exceeded the statutory maximum. Rather, he argues that his sentences are illegal based on his allegation that section 5–13–310 is unconstitutional. A review of the record clearly shows that Anderson's sentences did not exceed the statutory maximum.

The judgment-and-commitment order reflects that Anderson was convicted of five counts of committing a terroristic act, of which three counts were designated as Class Y felonies, and two counts were designated as Class B felonies under section 5–13–310(b)(1) and (b)(2). Anderson was also convicted of being a felon in possession of a firearm, which is a Class B felony. *See* Ark. Code Ann. § 5–73–103(c)(1) (Repl. 2006). Moreover, Anderson's habitual-offender status subjected him to enhanced sentences for Class Y felonies of not less than ten years nor more than sixty years or life, as well as enhanced sentences for Class B felonies of not less than five years nor more than thirty years. Ark. Code Ann. § 5–4–

501(a)(2)(A) & (2)(C) (Repl. 2006). Anderson was sentenced to two terms of 240 months' imprisonment and one term of 480 months' imprisonment for his convictions for three counts of a Class Y terrorist act; and was sentenced to two terms of 120 months' imprisonment for his convictions for two counts of a Class B terroristic act; finally, he was sentenced to 360 months' imprisonment for his conviction for one count of being a felon in possession of a firearm. As stated above, the sentences were imposed consecutively for an aggregate term of 1320 months' imprisonment for all six convictions. In view of the above, Anderson's sentences do not exceed the statutory maximum and are therefore not illegal sentences pursuant to section 16–90–111.

Affirmed; motion moot.