DAVID M. GLOVER, Judge
Anne O'Hara Bynum was charged in Drew County Circuit Court with the offenses of concealing birth and abuse of a corpse. The circuit court granted Bynum's motion for directed verdict as to the offense of abuse of a corpse.[1] A jury, after deliberating for only four minutes, convicted Bynum of concealing birth, a Class D felony, and sentenced her to the maximum sentence of six years in prison. Bynum appeals, arguing the circuit court (1) erred in denying her motion to dismiss, timely renewed as a motion for directed verdict, both as a matter of statutory construction and constitutional law; (2) abused its discretion in allowing discussion of abortion, evidence of her abortion history, and evidence she ingested medication before giving birth; and (3) erred in allowing evidence of her purported admission during a pretrial competency exam when competency was not an issue at trial. We find merit in Bynum's argument that the circuit court abused its discretion in allowing the discussion of prior abortions, evidence of her abortion history, and evidence that she ingested medication prior to giving birth; therefore, we reverse and remand.
Factual Summary
There are no factual disputes. In early 2015, Bynum, a 37-year-old divorced woman living with her mother, stepfather, brother, and four-year-old son, T.B., outside of Monticello, discovered she was pregnant. She believed her mother would not allow her and T.B. to continue living in her home if her mother learned Bynum was pregnant; therefore, Bynum did not tell her mother about the pregnancy. However, Bynum told friends, her attorneys, and her priest about the pregnancy and of her intent to put the child up for adoption when it was born.
On March 27, 2015, when Bynum was more than thirty weeks pregnant, she traveled to a hotel in Little Rock and met her friends, Andrea Hicks and Karen Collins (the person whom she wanted to adopt her baby), the next day. Driving to Little Rock, Bynum ingested 44 casings from the drug Arthrotec, which contained the drug Misoprostol ; she believed the Misoprostol would induce labor. Bynum's reasoning was it was becoming more difficult to lie all the time, she was getting larger, she *537 was becoming attached to the baby, and she was concerned she would not be able to give the baby up if she carried it much longer. She claimed she was not trying to hurt the baby but was just trying to safely deliver it. Her plan was for Collins to take the baby to Children's Hospital after delivery; however, Bynum did not go into labor while in Little Rock. She returned home to Monticello, where she ingested eight more Arthrotec casings. Then, on March 31, 2015, she learned from her attorneys, Sara Hartness and Sandra Bradshaw, that Collins would not be able to adopt her child due to domestic-abuse issues concerning her own children and her ex-husband; that information did not dissuade Bynum from pursuing other adoption alternatives with another family.
Bynum went into labor in the middle of the night on April 1, 2015, at her mother's mobile home. By herself, she delivered the fetus, which was still in its intact amniotic sac, in the bathroom after 3:00 a.m.[2] She said although she called for her brother, who was sleeping in the living room, he did not answer, and she did not awaken any other person in the house. According to Bynum, the baby did not move or cry, and she concluded the baby was deceased. In her third interview with Deputy Tim Nichols of the Drew County Sheriff's Department, Bynum stated she placed the baby in plastic sacks, put the bundle on a towel, cleaned up the bathroom, and took the baby to her vehicle, where she placed it on the front seat. She admitted she took those actions to keep her mother from finding out about the birth. Bynum stated she would have left the fetal remains in the bathroom if she had "felt like getting kicked out of the house immediately"; further, she placed the baby in the front seat of her vehicle because her vehicle was parked in front of the house and her mother always went out the back door.
Bynum's recall of events was that she became lightheaded after placing the baby in her vehicle, and she knew she could not drive; so she went back inside and went back to bed. Her mother awakened her a little after 6:00 a.m. Bynum got T.B. dressed, and her mother took him to school. Bynum ate a bowl of cereal and texted Hartness, who advised her to go see a doctor. Bynum had to wait until 8:00 a.m., when the doctor's office opened, to make an appointment; she attempted to see two doctors, but was unable to secure an appointment for that day with either of them. In the meantime, Hartness called a funeral home and was advised to have Bynum take the fetal remains to the hospital. Bynum arrived at Drew Memorial Hospital at approximately 10:40 a.m. on April 1. The fetal remains were subsequently examined by a medical examiner at the Arkansas State Crime Lab, where it was determined that the fetus was stillborn.
Sufficiency of the Evidence
On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. Stearns v. State , 2017 Ark. App. 472, 529 S.W.3d 654. Our court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict; only evidence supporting the verdict will be considered. Id. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other *538 beyond suspicion or conjecture. Kauffeld v. State , 2017 Ark. App. 440, 528 S.W.3d 302. Our court does not weigh the evidence presented at trial or assess the credibility of the witnesses, as those are matters for the fact-finder. Id. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Mercouri v. State , 2016 Ark. 37, 480 S.W.3d 864. When reviewing a sufficiency-of-the-evidence challenge, appellate courts consider evidence both properly and improperly admitted. Means v. State , 2015 Ark. App. 643, 476 S.W.3d 168.
Arkansas Code Annotated section 5-26-203(a) (Repl. 2013) provides that a person commits the offense of concealing birth "if he or she hides the corpse of a newborn child with purpose to conceal the fact of the child's birth or to prevent a determination of whether the child was born alive."
Bynum argues Arkansas Code Annotated section 5-26-203(a) cannot apply to the facts of this case because the statute "does not criminalize a woman's choice to withhold the fact of pregnancy or a stillbirth from her own mother," and the State "presented no proof of hiding or prevention of the determination of whether there was a live birth." Bynum argues she did not conceal the delivery of her stillborn child, as she disclosed the fact she had delivered the child by contacting her attorney via text, seeking medical assistance, and taking the fetal remains to the hospital within hours after the delivery, thereby facilitating the determination that it was a stillbirth. Bynum contends this statute seeks to punish people who seek to permanently conceal a birth, not those who do not immediately tell their mothers about a stillbirth. She alleges that section 5-26-203(a) does not include a requirement to report a stillbirth, much less prescribe a time limit for doing so.
We hold that sufficient evidence supports Bynum's conviction under the statute. To support a conviction under this statute, the State must prove that a person hid a newborn's corpse with purpose (1) to conceal the fact of the child's birth; or (2) to prevent a determination of whether the child was born alive.[3] One's intent or purpose at the time of an offense, being a state of mind, can seldom be positively known by others. Turner v. State , 2018 Ark. App. 5, 538 S.W.3d 227. Since intent cannot ordinarily be proved by direct evidence, jurors are allowed to draw on their common knowledge and experience to infer intent from the circumstances. Id. Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts. Id.
Here, Bynum admitted she hid her stillborn child from her mother when she wrapped the child in plastic sacks, laid the bundle on a towel, placed it in the front seat of her vehicle, and locked the car. Bynum testified she knew her mother would not see the stillborn child because her mother left the house through the back door, not the front door, and Bynum's vehicle was parked in front of the house. The statute does not specify how long a newborn's corpse must be concealed to be found guilty of this offense, nor does it provide for the prospect that a person can conceal a birth by hiding the corpse temporarily but then can be exempt from the statute's dictates if he or she reveals the birth to a person a few hours later.
Viewing the evidence in the light most favorable to the State, as we must, we hold *539 that the jury, as the finder of fact and the assessor of witness credibility, could, on the evidence presented, determine that Bynum purposely concealed the fact of the child's birth when she hid the corpse of her stillborn child in her vehicle, thus committing the offense of concealing birth. Therefore, we affirm on this point.
Constitutional Arguments (Void for Vagueness)
In her motion to dismiss, Bynum argued Arkansas Code Annotated section 5-26-203 is void for vagueness because "it lacks ascertainable standards of guilt such that persons of average intelligence must necessarily guess at its meaning and differ as to its application." (citing Booker v. State , 335 Ark. 316, 984 S.W.2d 16 (1998) ). She argues a person of reasonable intelligence "could not have known that experiencing a stillbirth at home at 3 a.m. and not telling her mother, but telling her lawyer, physicians, and medical authorities and bringing the unaltered fetal remains to a hospital within eight hours constitutes a crime." Bynum further contends the statute is vague because it encroaches upon a defendant's fundamental constitutional privacy rights and infringes on a defendant's due-process rights to liberty and privacy under the Fourteenth Amendment.
Preclusion. First, we must determine if Bynum can make a constitutional argument on appeal. The State argues Bynum cannot raise a challenge regarding the constitutionality of section 5-26-203 because she failed to notify the Attorney General of her intent to mount a constitutional challenge. Arkansas Code Annotated section 16-111-111 (Repl. 2016) (formerly codified at Arkansas Code Annotated section 16-111-106 ), provides, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.... [I]f [a] statute is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard." The purpose of notifying the Attorney General of constitutional attacks on statutes is to prevent a statute from being declared unconstitutional in a proceeding that might not be a complete and fully adversarial adjudication. In re Guardianship of A.M. , 2012 Ark. 278, 2012 WL 2356492. We disagree with the State's argument that Bynum's arguments regarding the constitutionality of section 5-26-203, if preserved, cannot be heard for failure to notify the Attorney General. The cases cited by the State in support of this contention are civil matters, not criminal matters. In a criminal trial, the prosecutor, who is the person who determines what criminal charges to bring against a defendant, is necessarily a party to the matter and is available to provide a complete and fully adversarial adjudication of the matter of the constitutionality of a criminal statute. As the State was a party to the proceedings and had the opportunity to fully defend against the constitutional challenge, we hold the State's preclusion argument must fail.
Encroachment. Even though Bynum is not precluded from making constitutional arguments on appeal, we nevertheless hold that her arguments that the statute is vague due to encroachment on a defendant's privacy rights and is a violation of due-process rights to liberty and privacy under the Fourteenth Amendment are not preserved for our review. These arguments were mentioned in passing to the circuit court; no substantial argument was presented. In criminal cases, issues raised, including constitutional issues, must be presented to the circuit court to preserve them for appeal; the circuit court *540 must have the benefit of the development of the law by the parties to adequately rule on the issues. Gooch v. State , 2015 Ark. 227, 463 S.W.3d 296. We will not consider an argument raised for the first time on appeal or that is fully developed for the first time on appeal. Id. Furthermore, a party cannot change his or her grounds for an objection or motion on appeal but is bound by the scope of arguments made at trial. Id.
Fair Notice. Bynum next argues that finding the concealing-birth statute to be constitutional is an impermissible judicial expansion of the law and makes the statute too vague to give any pregnant woman and newly delivered mother clear notice of what constitutes concealment of birth. While this argument was preserved for appellate review, we cannot agree with Bynum's contention.
There is a presumption of validity attending every consideration of a statute's constitutionality that requires the incompatibility between it and the constitution to be clear before the statute is held to be unconstitutional; if possible, the appellate courts will construe a statute so that it is constitutional. Anderson v. State , 2017 Ark. 357, 533 S.W.3d 64. Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality, and the heavy burden of demonstrating the unconstitutionality is on the one attacking the statute. Id. As statutes "are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable." Bowker v. State , 363 Ark. 345, 355, 214 S.W.3d 243, 249 (2005). "Invalidating a statute on its face is, manifestly, strong medicine that has been employed sparingly and only as a last resort." Anderson , 2017 Ark. 357, at 3, 533 S.W.3d at 67.
A law is unconstitutionally vague under due-process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited, and it is so vague and standardless that it allows for arbitrary and discriminatory enforcement. Bowker, supra. The constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the facts at issue. Id. When challenging the constitutionality of a statute on grounds of vagueness, the person challenging the statute must be one of the "entrapped innocent" who has not received fair warning; if, by his or her action, that individual clearly falls within the conduct proscribed by the statute, he cannot be heard to complain. Id.
Concealment. A person conceals a birth if the corpse of a newborn child is hidden for the purpose of either concealing the fact of the child's birth or preventing a determination of whether the child was born alive. The portion of the statute at play in this case is whether the child was hidden to conceal the child's birth. Bynum argues she could not have known that experiencing a stillbirth at home at 3 a.m. and not telling her mother, but telling her attorney, physicians, and medical authorities later in the morning and taking the fetal remains to a hospital eight hours later constitutes a crime. Bynum further argues that the statute was impermissibly expanded by the circuit court from a statute prohibiting an intentional action-concealing-to effectively mandating specific actions-reporting within a time frame. We cannot agree.
There is no question Bynum hid the stillborn fetus by placing it in her vehicle, where only she knew of it. Furthermore, as discussed above, the jury was tasked, as the finder of fact, to decide why Bynum had placed the stillborn fetus in her vehicle, and the jury determined it was to conceal the fact of the birth. This statute *541 does not provide for any exceptions, including a "grace period" for concealment, nor does it require the concealment be permanent. A jury could determine that the offense was committed when Bynum hid the fetus in her vehicle. While harsh, this statute is clear enough to survive Bynum's constitutional challenge. Bynum cannot, in other words, successfully claim to be an "entrapped innocent," as her actions fell within the conduct proscribed by the statute. We affirm on this point.
Evidentiary Issues
Bynum next argues the trial court abused its discretion by allowing discussion of abortion, Bynum's abortion history, and evidence that Bynum had ingested medication prior to giving birth. We agree that the trial court abused its discretion in allowing this information to be presented to the jury; therefore, we reverse and remand on this issue.
A circuit court has broad discretion in evidentiary rulings, and the appellate courts will not reverse an evidentiary ruling absent an abuse of that discretion. Jefferson v. State , 2017 Ark. App. 536, 532 S.W.3d 593. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires the circuit court act improvidently, thoughtlessly, or without due consideration. Id. Furthermore, we will not reverse absent a showing of prejudice, as prejudice is not presumed. Id.
Bynum filed a motion in limine on August 10, 2015, seeking to prohibit the State from referencing or introducing evidence she had ingested pharmaceutical substances prior to her delivery of the stillborn fetus and to prevent any mention of abortion. She argued there was no contention pharmaceutical drugs had caused the stillbirth; therefore, evidence of such ingestion was not probative of any element of the offense charged and was therefore not relevant. She further argued that even if there was some relevance, prejudice would outweigh any probative value. The State opposed the motion, arguing her plan to achieve concealment was to take the labor-inducing drugs to induce premature delivery in secret, and such actions were proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The State claimed it was entitled to present evidence that explained the act, provided a motive for acting, or illustrated the accused's state of mind. After a hearing on the motion on February 16, 2016, the circuit court denied Bynum's motion, holding that the State bore the burden of showing the purpose to conceal, and proof of a plan or motive was helpful and made the motive or plan admissible.
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Ark. R. Evid. 401. Rule 402 of the Arkansas Rules of Evidence provides, "All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible." Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ark. R. Evid. 404(b).
*542 Bynum makes a passing argument that constitutional due process guarantees "fundamental fairness," which the State argues is not preserved for appellate review because it was not made below. The State is correct; no constitutional argument was made to the circuit court. Appellate courts will not consider an issue raised for the first time on appeal. Gooch, supra.
The State argues that Bynum failed to object to the admission of the three recorded statements she gave to the sheriff's department, and that this court should not address her expanded arguments that are raised for the first time on appeal. We do not agree with the State's assertion. Bynum made a motion in limine to exclude evidence of her ingestion of the pharmaceutical substances prior to delivery and to exclude any discussion of abortion. The circuit court denied her motion. Therefore, Bynum has properly preserved this issue for appellate review.
The State argues the circuit court properly admitted evidence of abortion, Bynum's Arthrotec consumption, and her abortion history under Rule 404(b) of the Arkansas Rules of Evidence because, even though it did not speak directly to an element of the charges against her, it was relevant to demonstrate proof of her motive to induce labor through abortion-related drugs and then conceal the birth. Bynum counters that the evidence was not relevant and served only to support the State's theory that she had intended to have an abortion rather than an early delivery. She further argues such evidence inflamed the jurors' passions and encouraged them to deliver a guilty verdict in four minutes on the improper basis of her abortion history and ingestion of Arthrotec.
We find merit in Bynum's argument and hold that the circuit court abused its discretion in admitting this evidence. The elements of the offense of concealing birth that must be proved by the State are that the corpse of a newborn child is hidden with purpose (1) to conceal the fact of the child's birth or (2) to prevent a determination of whether the child was born alive. It is undisputed that the child was not born alive. Neither whether Bynum had taken pharmaceutical drugs prior to delivery nor any evidence of abortions (or the number of them) she had previously undergone is relevant to the charge that she had committed the offense of concealing birth; they did not tend to make it more or less probable Bynum had hidden her newborn's corpse with purpose to conceal the birth. Even if they could be deemed relevant, their probative value was substantially outweighed by the danger of unfair prejudice. No evidence was presented to show Bynum's ingestion of Arthrotec was the reason the child was stillborn, and rightly so, as Arkansas Code Annotated section 5-61-102(c) (Repl. 2016), the statutory provision addressing unlawful abortion, provides, "Nothing in this section shall be construed to allow the charging or conviction of a woman with any criminal offense in the death of her own unborn child in utero." Therefore, Bynum could not be charged with, or convicted of, a criminal offense in the death of her stillborn child; yet the State was allowed-through the introduction of the evidence of Bynum's prior abortion history and that she had taken medication prior to delivery of her stillborn child that might induce early labor-to imply Bynum's "[M]otive or plan" was to have another abortion. Bynum's attorney rhetorically asked at oral argument, "motive or plan to do what?" The only evidence of plan or motive was that Bynum intended to have her baby adopted, that she had taken substantial steps to do just that by contacting an adoption attorney, that she was attempting to have one of her friends adopt the child, and when that was not possible, that she *543 pursued alternative adoptive placements. Bynum was clearly prejudiced by the introduction of this irrelevant evidence, as shown by the four-minute verdict and maximum prison sentence allowed by law.
Purported Admission During Pretrial Competency Examination
In her last argument, Bynum contends the circuit court abused its discretion in allowing her purported admission during a pretrial competency exam, when competency was not an issue at trial. Prior to trial, Bynum's defense counsel requested an evaluation of Bynum's mental competence at the time of her alleged conduct, and the circuit court ordered a competency exam. Dr. Myeong Kim performed the mental evaluation, determining Bynum was competent at the time of the offense and was competent to stand trial. Dr. Kim noted in his report that Bynum was advised of the nature and purpose of the exam, the exam was voluntary and not confidential, a report would be made to the circuit court, and the examiner might be required to testify. Having been apprised of these parameters, Bynum agreed to be interviewed. Over Bynum's objection, Dr. Kim was called as a witness for the State at trial, and his testimony was that Bynum had told him she was guilty of concealing birth but not guilty of abusing a corpse. Bynum argues it was error for that statement to be admitted.
A circuit court's decision to admit expert testimony is reviewed for an abuse of discretion. Miller v. State , 2010 Ark. 1, 362 S.W.3d 264. To show that a circuit court abused its discretion, it must be established the circuit court acted improvidently, thoughtlessly, or without due consideration, thereby causing prejudice. Id.
Bynum argues that even though there was no issue raised at trial regarding her competency, the circuit court nevertheless, over her objection, allowed Dr. Kim to testify about statements she allegedly made during the competency exam. Dr. Kim was declared to be an expert in the field of forensic psychological examinations. He testified to, and included in his report, his recollection that Bynum told him during her examination that she was guilty of concealing birth but not guilty of abusing a corpse.
Bynum argues admission of this statement violated her federal constitutional rights to due process and against self-incrimination. In support of her argument, Bynum cites Porta v. State , 2013 Ark. App. 402, 428 S.W.3d 585, in which our court held it was error for the circuit court to allow a forensic psychologist to testify about incriminating statements made by Porta during the mental-health examination during the State's case-in-chief because allowing the incriminating statements placed Porta in a situation that required him to sacrifice one constitutional right (exercising his Fifth Amendment right to not incriminate himself) in order to claim another (his due-process right to seek out available defenses).
We cannot reach the merits of Bynum's constitutional arguments because these specific arguments were never made to the circuit court. Even constitutional arguments must be first raised in the circuit court to preserve them for appellate review. Gooch, supra.
Bynum next argues that allowing her statement to Dr. Kim that she had committed the offense of concealing birth violated the physician-patient privilege under Rule 503 of the Arkansas Rules of Evidence. Arkansas Code Annotated section 5-2-307 provides that a statement made by a person during an examination is admissible as evidence only to the extent permitted by the Arkansas Rules of Evidence and if the statement is constitutionally admissible.
*544 Arkansas Rule of Evidence Rule 503(d)(2) provides, "If the court orders an examination of the physical, mental, or emotional condition of a patient, whether a party or a witness, communications made in the course thereof are not privileged under this rule with respect to the particular purpose for which the examination is ordered unless the court orders otherwise."
Like her constitutional arguments, Bynum has raised the violation of evidentiary rules for the first time on appeal. Because she did not make this argument to the circuit court, it is not preserved for appellate review. Gooch, supra.
Bynum's last argument is that Dr. Kim's testimony regarding her statements made during her competency exam amount to a legal conclusion. We do not agree. A legal conclusion is opinion testimony that "tells the jury what to do." Marts v. State , 332 Ark. 628, 642, 968 S.W.2d 41, 48 (1998). As the State points out, Dr. Kim did not offer any opinion testimony about whether Bynum was guilty of concealing birth; he merely reported that Bynum made the statement during her examination that she was guilty of concealing birth. He did not testify whether he believed Bynum was guilty of concealing birth. Dr. Kim provided a factual account of Bynum's admission; this recitation alone did not make the statement become Dr. Kim's opinion. It was not an inadmissible legal conclusion. We affirm on this point.
Reversed and remanded.
Gruber, C.J., agree.
Harrison, J., concurs.

The State cross-appealed the circuit court's grant of Bynum's directed-verdict motion for this offense but makes no argument on appeal regarding this issue. Therefore, the State has abandoned its cross-appeal.

Bynum had been pregnant with twins, but one fetus died earlier in the pregnancy, at an estimated gestational age of 16 weeks, while the second fetus died at an estimated gestational age of 33 weeks. The fact there were two fetuses was unknown to Bynum until the fetal remains were examined by a medical examiner. While there were two fetuses, Bynum was charged with only one count of concealing birth, and for the purposes of this opinion, we will refer to a single fetus.

The evidence shows medical personnel were able to determine that the child was stillborn; therefore, the second purpose for concealing the birth-to prevent the determination of whether the child was born alive-does not apply in this case.