Cite as 2022 Ark. App. 452

# ARKANSAS COURT OF APPEALS
### DIVISION IV
No. CV-21-564

| | | |
|---|---|---|
| TIMOTHY HOCUT | | Opinion Delivered NOVEMBER 9, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05DR-21-283] |
| V. | | |
| HILARY HOCUT | | HONORABLE ANDREW S. BAILEY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Timothy Hocut appeals the August 20, 2021 order of protection entered by the Boone County Circuit Court. He argues that (1) provisions of the Domestic Abuse Act, specifically Ark. Code Ann. § 9-15-205(b) (Repl. 2020) and § 9-15-207 (Repl. 2020), lack sufficient definiteness to provide proper notice and, therefore, are void for vagueness; (2) the circuit court committed clear error when it granted Hilary Hocut's order of protection because there was insufficient evidence that a present and immediate threat of domestic abuse existed; and (3) the circuit court committed clear error in allowing Hilary to relitigate issues supporting an expired order of protection rather than requiring new evidence to support the current petition. We affirm.

I. *Facts and Procedural History*

In November 2019, Timothy committed acts of domestic violence against Hilary that included hitting her numerous times, holding a loaded gun to her head, and not allowing Hilary to leave the residence with the parties' children for over two hours. He was arrested for false imprisonment in the first degree, a Class C felony; aggravated assault on a family or household member, a Class D felony; terroristic threatening, a Class D felony; and domestic battery in the third degree, a Class A misdemeanor. Hilary was the primary witness to these charges.

In December 2019, Hilary was granted a one-year order of protection against Timothy that expired in December 2020. Although Hilary did not seek an extension of this order of protection prior to its expiration because Timothy's pending criminal trial was originally set for May 1, 2020, both counsel agreed that a new order would be issued at that time if the circuit court found it necessary.

Timothy's trial was moved from May 1 to August 28 because of the COVID pandemic. His attorney moved for a mental examination on May 27. On August 28, Timothy requested and was granted a continuance for a hearing on the forensic evaluation. The circuit court rescheduled the trial for September 28. Due to ongoing COVID issues, the trial was again moved from September 28 to May 24, 2021.

The circuit court ordered that Timothy have no contact with Hilary except as provided in the agreed visitation transfer for child visitation. The burden was placed on Timothy to avoid negative interaction, and he was informed that he must comply with the restrictions of the divorce and visitation agreement.

Pending trial, Timothy was required to wear an ankle monitor, but at some point, he successfully moved to have it removed because it was a financial hardship. On the same day that his ankle monitor was removed, Timothy violated the circuit court's order and went to Hilary's residence.

Timothy's criminal trial was subsequently delayed from May 24 to November 8 and then again to February 28, 2022. Timothy's lawyer moved for yet another continuance on February 14.

In the meantime, on July 14, 2021, Hilary filed a new petition for an order of protection against Timothy. On August 5, a hearing was held, and both parties presented evidence. Hilary appeared pro se and presented only her own testimony as evidence to support the new order of protection. During her testimony, Hilary alleged an event that occurred on July 2 at the Harrison, Arkansas, Walmart store involving Timothy and her. She alleged that Timothy was parked in the Walmart parking lot near her friends in an attempt to videotape her. Hilary also testified that Timothy is violent and aggressive such that the circuit court had ordered supervised visitation with their children pending his criminal trial. She also noted that he has previous law enforcement and military training. Timothy presented the testimony of two witnesses, his own and that of his mother, Tammy Hocut, in opposition to the order of protection.

At the conclusion of the hearing, the circuit court took the matter under advisement. Subsequently, the circuit court held a hearing via phone conference between the parties and Timothy's counsel; Hilary again represented herself. During this hearing, the circuit court

clarified that Hilary's petition was for a new order of protection, not a request for an extension of the previous order of protection, and again took the matter under advisement.

On August 20, 2021, a one-year order of protection was entered against Timothy pursuant to section 9-15-207 of the Domestic Abuse Act. Timothy timely filed a notice of appeal on September 16.

## II. *Standard of Review and Applicable Law*

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Borland v. Borland*, 2021 Ark. App. 448, at 3, 638 S.W.3d 308, 311. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.* We review issues of statutory interpretation de novo. *Id.*

A statute is unconstitutionally vague under due-process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited, and in addition, it is so vague and standardless that it allows for arbitrary and discriminatory enforcement. *Smith v. Ark. Midstream Gas Servs. Corp.*, 2010 Ark. 256, at 11, 377 S.W.3d 199, 206. In contrast, a statute is constitutional if its language conveys sufficient warning when measured by common understanding and practice. *Id.* A constitutional challenge of a statute on grounds of vagueness must be made by one of the entrapped innocents who has not received a fair warning. *Bynum v. State*, 2018 Ark. App. 201, at 9–10, 546 S.W.3d 533, 540–41. This court

4

has held that, as a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the facts at issue. *Anderson v. State*, 2017 Ark. 357, at 4, 533 S.W.3d 64, 67.

III. *Discussion*

A. Constitutional Challenge to Ark. Code Ann. § 9-15-205(b) and § 9-15-207

On appeal, Timothy raises an "as applied" constitutional challenge to Ark. Code Ann. § 9-15-205(b). Specifically, he argues that the statute is so "vague as to lack sufficient definiteness that any penalty prescribed for its violation constitutes a denial of due process." Timothy acknowledges his awareness of the first order of protection and that it was subject to modification before its expiration. However, he maintains that he was not aware that, following its expiration, Hilary could use the same previously litigated issues that supported the expired order of protection to obtain a new order of protection.

Our review of the record reveals that Timothy failed to properly develop and support this argument to the extent that it could be reasonably construed as a constitutional challenge before the circuit court. Rather, during a phone conference, the closest thing to an objection made by his counsel about the statute was that regarding "the ability to extend the previous order of protection," "I didn't know one or another." Timothy's position at trial was that "a new petition was filed." No constitutional challenge was asserted as to the admission of the existence of—or evidence relating to—the prior petition. Timothy's counsel did state that granting an "extension" of the prior petition would implicate due process because no "extension" had been requested, but that was the extent of the discussion.

5

Because Timothy failed to properly raise the void-for-vagueness issue at trial, we hold it is waived on appeal. *Langston v. Ark. Dep't of Hum. Servs.*, 2019 Ark. 152, 574 S.W.3d 138 (constitutional issues not raised in circuit court are waived on appeal); *accord Hill v. Kelly*, 2022 Ark. 3.

### B. Sufficiency of the Evidence Supporting Hilary's Order of Protection

Timothy next argues that the circuit court committed clear error when granting Hilary's order of protection because there was no new evidence that a present and immediate threat of domestic abuse still existed sufficient to support a new order of protection.

To obtain an order of protection, the petitioner must produce sufficient evidence to show that the victims are in imminent and present danger of domestic abuse. Ark. Code Ann. § 9-15-206(a) (Repl. 2020); *Hancock v. Hancock*, 2013 Ark. App. 79, at 3. The Arkansas legislature has defined "domestic abuse" to mean "physical harm, bodily injury, assault, or the infliction of imminent physical harm, bodily injury, or assault between family or household members." Ark. Code Ann. § 9-15-103(4) (Repl. 2020). The legislative definition of domestic abuse does not include the terms harassing or controlling. *Paschal v. Paschal*, 2011 Ark. App. 515, at 7. The court has defined "imminent" to mean "likely to occur at any moment" or "impending" at the time of the alleged abuse. *See Hancock*, 2013 Ark. App. 79, at 3.

Timothy argues that Hilary failed to establish a present and immediate threat of domestic abuse because her only allegation of present abuse was the alleged incident that took place in the Walmart parking lot on July 2. He maintains that Hilary's concerns about

this incident—that Timothy made her "uncomfortable" and "scared," and she just felt "like that's not okay"—were insufficient to support the new order of protection. He notes that Hilary's only other evidence offered to support the allegation that a threat of domestic abuse was imminent was based on the 2019 incidents that undisputedly supported the expired order of protection.

Timothy argues that, at best, Hilary alleged a claim of potential harassment against him for the alleged videotaping in the parking lot but failed to provide any evidence that she was in present and immediate danger of being subject to "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault" as statutorily required by Ark. Code Ann. § 9-15-103(4).

We disagree. Section 9-15-205(b) specially states that an order of protection "may be renewed at a subsequent hearing upon proof and a finding by the court that the threat of domestic abuse still exists." Timothy misinterprets the current order as a "relitigation" of the previous protection order. We initially note that any determination as to Timothy's abusive behavior "on matters that were at issue and that were directly and necessarily adjudicated" In the first protective order is conclusive and "res judicata" in any subsequent proceeding, but not in the way Timothy argues. *See Paschal*, 2011 Ark. App. 515, at 6. Here, unlike *Paschal*, the initial protective order resulted in a finding against Timothy. Accordingly, he is on notice that the circuit court's earlier determination was that he had taken action that created or "inflict[ed] fear of imminent physical harm, bodily injury, or assault," *see* Ark. Code Ann. § 9-15-103(a).

7

Contrary to Timothy's argument, there is no requirement in section 9-15-205 that any renewal be brought while the original order is in effect. The only requirement is that the circuit court find that the original threat "still exists." Timothy's attempt to tie this explicit renewal provision with its "still exists" standard to the jurisdictional standards of section 9-15-207 is without any basis in the statute.

The statute is clear that a protective order may be renewed. The standard for renewal is whether the original condition "still exists." Giving the words their ordinary meaning, "condition" and "still" refer to the prior order of protection. *See Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844 (holding where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used, and in considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language).

A normal person of average intelligence understands that physical violence and imposing fear of violence is against the law. The previous order of protection specifically directed Timothy not to be around Hilary and explicitly indicated that Hilary feared him. Timothy, in essence, argues that once a protective order expires, a person can successfully engage in new threatening conduct toward his or her victim, and that victim is barred from asserting the prior conduct as evidence of a pattern of abuse. His argument is not well taken and is consistent with neither the law nor the clear purposes of the statute.

The relevant statutes do not state that new evidence bars the inclusion of previous acts of violence, particularly where the perpetrator is estopped by prior findings from denying

those encounters. Our review of the transcripts of both hearing supports the finding that Hilary presented sufficient proof that a threat of a continuing pattern of domestic abuse still exists.

## C. Relitigation of Issues Supporting Expired Order of Protection

Finally, Timothy argues for reversal of the circuit court's ruling because the circuit court relied on evidence that supported an expired order of protection rather than requiring new evidence to support the new petition for an order of protection that a present threat of domestic abuse still exists.

The circuit court may modify or extend an order of protection at its discretion upon application of either party, notice to all parties, and a hearing thereon. Ark. Code Ann. § 9-15-209 (Repl. 2020). The doctrine of res judicata bars relitigation of issues that were actually litigated in the previous suit and those that could have been litigated. *Paschal*, *supra*. Hilary was granted a final order of protection in December 2019, and no appeal was filed by Timothy. Accordingly, this issue was previously litigated in the prior proceeding, and because Hilary was issued this final order of protection, it has now become factual evidence that domestic abuse exists.

Timothy mistakenly relies on *Paschal*, *supra*, in which this court held that the appellee should have been barred from relitigating the issue alleged to support the issuance of a second order of protection. *See id.* at 6. Timothy points out that Hilary did not request a modification or extension of the previous, first order of protection, and similar to the in *Paschal*, Hilary's own testimony evidenced that her petition for the new order of protection

9

was based on past litigated issues. He submits that Hilary failed to properly allege and litigate new issues to support the new order of protection and failed to provide evidence to establish a past pattern or practice.

*Paschal* is distinguishable because in that case, the first order of protection was vacated, and a new petition for a new order of protection was filed five months later. *Id.* at 2. The new petition was based on many of the same allegations that supported the previous vacated order of protection. *Id.* The circuit court did not use the past allegations of abuse *to show past pattern or practice* as its basis for issuing the new order of protection but instead used the past allegations as the basis for the issuance of the new order of protection. *Id.* As a result, we held that the circuit court erred by not barring the appellee from relitigating matters a second time. *Id.* at 9–10.

We hold that the circuit court did not err in allowing Hilary to demonstrate a pattern of violent and threatening behavior that created a fear of present and imminent physical harm, bodily injury, or assault through evidence that included, but was not limited to, the circuit court's findings relating to the prior order of protection.

Hilary provided evidence of past domestic abuse, including significant physical violence, and that the threat is still present. In addition, at the time of the hearing on the petition, Timothy had yet to face his felony charges concerning the 2019 abuse against Hilary in which she was the main witness.

> Q: Alright. Can you tell the Court–The Court's reviewed the petition, obviously, and an ex parte was entered in this case previously prior to today's date. Can you tell The Court why you're seeking an order of protection against Timothy?

A:     So, in 2019, he's still facing criminal charges. So, he's facing three felonies and one misdemeanor that still haven't gone to court yet. And so, in that, all those were against me. I'm the cr- Like, I'm the main witness in that. He's very violent. He held a loaded gun to my head at that time, and he was very aggressive so The Court – I had an order of protection against him, and it expired so I would like to reinstate that.

Q:     Is there a no contact order in the criminal matter?

A:     Yes.

Q:     Okay. There's a criminal matter pending as well, you're telling me?

A:     There is still a crim- Yes.

Q:     Is there a no contact order in the criminal matter?

A:     Yes.

Q:     Alright. So, the basis for your request here today is based on the criminal cases that are pending?

A:     Correct. And he was videotaping me the other day at Walmart, and so that made me really uncomfortable and scared.

The evidence of Timothy's actions that gave rise to the original order of protection show both a pattern of conduct and conclusive factual support for a renewed order. This evidence, in conjunction with Timothy's subsequent actions, supports the finding that a condition "still exists." Ark. Code Ann. § 9-15-205(b). Hilary stated numerous times that she was scared during the July 2 encounter in the Walmart parking lot given Timothy's history of past domestic abuse. To the extent that Timothy asks us to reweigh the evidence in his favor, we do not act as a super fact-finder or second-guess the circuit court's credibility finding. *Jolliff v. Wilson*, 2021 Ark. App. 430, at 11, 636 S.W.3d 390, 397.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Miller | Butler | Schneider | Pawlik | Rozzell | PLLC*, by: *Alicia M. Canfield*, for appellant.

*Hillary Hocut*, pro se appellee.